

FILED
JOHN P. HEHMAN
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

2014 OCT 20   AM 10: 54

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

**UNITED STATES OF AMERICA**

    **v.**

**ROBERT B. LEDBETTER (1)**
    aka Brandon
    aka Killer B
    aka B
**(Counts 1, 4, 9, 10, 29, 30, 31)**

**LANCE A. GREEN (2)**
    aka Jigga
    aka Jiggs
**(Counts 1, 2, and 3)**

**ALLEN L. WRIGHT (3)**
    aka Al-Nuts
**(Counts 1, 2, and 3)**

**TYSIN L. GORDON (4)**
    aka Cez
    aka Sleep
**(Count 1)**

**CHRISTOPHER A. HARRIS (5)**
    aka O-Dog
**(Counts 1, 5, 6, 7, 8, 9, and 10)**

**ROBERT L. WILSON, III (6)**
    aka RJ
**(Counts 1, 5, 6, 9, 10, 15, and 16)**

**RASHAD A. LISTON (7)**
    aka Buck
    aka Buckwheat
**(Counts 1, 9, 10, 15, and 16)**

**Case No: 2:14-CR-127**
**Judge Marbley**

18 U.S.C. § 2
18 U.S.C. § 922(g)
18 U.S.C. § 924(a)
18 U.S.C. § 924(c)
18 U.S.C. § 924(j)
18 U.S.C. § 1512(a)(1)(C)
18 U.S.C. § 1512(a)(3)(A)
18 U.S.C. § 1512(b)(1)
18 U.S.C. § 1512(k)
18 U.S.C. § 1959(a)(1)
18 U.S.C. § 1962(d)
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(C)
21 U.S.C. § 841(b)(1)(D)

1

**DEOUNTE USSURY (8)**
  aka D Frog
(Counts 1, 7, 8, and 11)

**THOMAS E. COATES (9)**
  aka Tom-C
  aka Eag
(Count 1)

**ISHMAEL BOWERS (10)**
(Counts 13 and 14)

**JOSEPH HILL (11)**
  aka Little Joe
(Counts 1, 12, 13, 14, 34, and 35)

**FREDDIE K. JOHNSON (12)**
  aka Freeze Pop
  aka Michael Jackson
(Counts 1, 32 and 33)

**DESHAWN SMITH (13)**
  aka Evil D
(Counts 1, 13, 14, 36 and 37)

**LANCE REYNOLDS (14)**
(Counts 1, 13, 14, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, and 38)

**RASTAMAN A. WILSON (15)**
(Counts 5 and 6)

**CLIFFORD L. ROBINSON (16)**
  aka Tink
(Counts 5 and 6)

**TROY A. PATTERSON (17)**
(Counts 15 and 16)

**ANDRE M. BROWN (18)**
  aka Paco
(Counts 1, 17, 18, 21, 22, 23, 24, 25, and 26)

2

**JOHNATHAN HOLT (19)**
        **aka Dough Boy**
**(Counts 17, 18, 19, and 20)**

**CHRISTOPHER V. WHARTON (20)**
**(Counts 17, 18, 19, 20, 22, 23, 25, 26, 27, and 28)**

**S U P E R S E D I N G**
**I N D I C T M E N T**

**THE GRAND JURY CHARGES:**

**COUNT ONE**
**RACKETEERING CONSPIRACY**
**18 U.S.C. § 1962(d)**

**THE ENTERPRISE**

At various times material to this Indictment:

1.      The defendants, **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B, LANCE A. GREEN, aka Jigga, aka Jiggs, ALLEN L. WRIGHT, aka Al-Nuts, TYSIN L. GORDON, aka Cez, aka Sleep, CHRISTOPHER A. HARRIS, aka O-Dog, ROBERT L. WILSON, III, aka RJ, RASHAD A. LISTON, aka Buck, aka Buckwheat, DEOUNTE USSURY, aka D Frog, THOMAS E. COATES, aka Tom-C, aka Eag, JOSEPH HILL, aka Little Joe, FREDDIE K. JOHNSON, aka Freeze Pop, aka Michael Jackson, DESHAWN SMITH, aka Evil D, LANCE REYNOLDS, ANDRE M. BROWN, aka Paco,** and others, were members and associates of a criminal organization in the Short North area of Columbus, Ohio, known as the Short North Posse (SNP), also known as (a.k.a.) Homicide Squad (HS), aka Homicide, a.k.a. Cut Throat (CT), aka Cut Throat Committee whose members

3

and associates engaged in murders, attempted murders, drug trafficking, weapons trafficking, extortion, robbery, arson, and other crimes within the Southern District of Ohio.

2. The Short North Posse, including its members and associates, constituted an "enterprise" as defined by 18 U.S.C. § 1961(4), that is, a group of individuals associated in fact. The enterprise was engaged in, and its activities affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

## PURPOSES OF THE ENTERPRISE

The purposes of the enterprise included, but were not limited to, the following:

3. Promoting, protecting, and enhancing the authority, reputation, and standing of the Short North Posse through the use of intimidation, threats, possession of weapons, assaults, attempted murders, and murders.

4. Maintaining control over and protecting the geographic territory of the enterprise through acts of intimidation, threats, and violence in order to further the members' and associates' distribution of controlled substances.

5. Enriching its members and associates through, among other things, the commission of crimes involving the distribution of controlled substances, robbery and murder for hire, burglary, theft, and breaking and entering.

6. Protecting the enterprise and its members and associates from detection, apprehension, and prosecution by law enforcement authorities.

4

7.     Enforcing its authority and power by disciplining and punishing members and associates who did not comply with codes or rules, or who committed acts against other members, or the families of members, or the enterprise and its territory.

8.     Retaliating with acts of violence and intimidation against non-members and rival gang members who committed acts against members and associates, the family of members and associates, or the enterprise.

## MEANS AND METHODS OF THE ENTERPRISE

9.     The Short North Posse enterprise derived its name from Short North area of Columbus, Ohio, which was the enterprise's main base of operation. The boundaries of the enterprise's territory generally included the area bordered by Fifth Avenue (south), Chittenden Avenue (north), Grant Street (east) and High Street (west). The Short North Posse maintained and controlled this territory, such that, within the territory they and their associates conducted drug sales with impunity.  Originally members of the enterprise referred to themselves solely as the "Short North Posse" or "SNP."  Later some members began subsets of the Short North Posse referring to themselves as "Cut Throat" and "Homicide Squad."   Still within the Short North Posse, Cut Throat and Homicide Squad specialized in murders and robberies of rival gangs, other drug dealers, and targets thought to have large sums of cash or firearms.    The Short North Posse also identified themselves nationally with the "Crips" street gang.

10.     Short North Posse members tightly controlled their territory and established, in effect, an exclusive area within which only Short North Posse members and associates could conduct their primary income producing venture, which was the distribution of cocaine, cocaine base (hereinafter "crack cocaine"), heroin, oxycodone and marijuana. The Short North Posse controlled the neighborhood through intimidation, fear and violence. If an individual not associated with the Short North Posse attempted to enter this area to sell drugs, or otherwise intruded in this territory, they would be discouraged from doing so or even physically assaulted, to include being threatened or shot with a firearm, which members and associates regularly made available for such purposes.

6

11.     For the vast majority of Short North Posse members, the sale of cocaine, crack cocaine, heroin, oxycodone and marijuana, and committing robbery and murder for hire was their only source of income. Short North Posse members projected a violent attitude in order to ensure that the enterprise's ability to conduct criminal activity and that its territory was protected. In addition, members were expected to retaliate with acts of violence when members and associates of the enterprise were subjected to disrespect, threats, intimidation, or acts of violence. Short North Posse members believed that if they did not project violence and retaliate when acts of intimidation or violence were committed against one of their members or associates, then their stature and ability to conduct criminal activity would be lessened and their territory threatened or lost.

12.     The Short North Posse enterprise marked its territory and its boundaries with graffiti. Short North Posse graffiti was found on Short North area buildings and other buildings within their territory. Short North Posse members marked themselves with common tattoos, displayed hand signs, customized clothing and utilized social networking sites to show their membership in, or affiliation with, the enterprise. Several members had tattoos to identify themselves as members of the Short North Posse and to represent their territory.

13.     Short North Posse members often traveled outside its general territory to expand its ability to sell drugs, and find targets for robbery. Short North Posse members also projected a violent attitude throughout the city of Columbus and State of Ohio in order to increase their ability to commit criminal acts and deter retaliation and witnesses cooperating with law

7

enforcement. Short North Posse members would recruit associates outside the Short North area in order to assist with the expansion of their criminal activity.

14.     Short North Posse members threatened and/or intimidated witnesses to deter them from providing information to law enforcement and to enforce a "no snitching" code. Persons and members who failed to adhere to the code were subjected to acts of violence.

15.     Short North Posse members enforced a code of conduct where members and associates were not allowed to associate with non members who were perceived threats to the Short North Posse enterprise. Members and associates who failed to adhere to the code were subjected to violent acts.

16.     Short North Posse members and associates were allowed to deal with other gangs in the drug trade without breaking the code as long as it was not to the detriment of other Short North Posse members.

17.     Short North Posse members routinely armed themselves with firearms in order to protect their territory, to protect their drug trade, to project a violent attitude toward non-members and rival gang members, and to retaliate against any non-members and rival gang members who threatened any Short North Posse member or associate.

18.     Short North Posse members routinely supply each other with firearms and ammunition. They would also pool funds in order to obtain firearms and ammunition.

19.     Short North Posse members and associates provided assistance to incarcerated members by providing them with money or photographs of members.

20.     Short North Posse members participated in the production of songs and music CDs to boast of the existence of the enterprise, to communicate their violent methods, to threaten non-members and rival gang members, and to establish a code of conduct for fellow members to follow. These songs were posted on various social networking sites utilized by Short North Posse members.

21.     The Short North Posse enterprise had an informal structure where status and respect were acquired in a large part by the commission of acts of violence, the accumulation of money, narcotics or sources of narcotics.

### THE RACKETEERING CONSPIRACY

22.     Beginning in or about 2005, the exact date being unknown to the grand jury, and continuing thereafter up to the date of the indictment, in the Southern District of Ohio and elsewhere, the defendants, **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B, LANCE A. GREEN, aka Jigga, aka Jiggs, ALLEN L. WRIGHT, aka Al-Nuts, TYSIN L. GORDON, aka Cez, aka Sleep, CHRISTOPHER A. HARRIS, aka O-Dog, ROBERT L. WILSON, III, aka RJ, RASHAD A. LISTON, aka Buck, aka Buckwheat, DEOUNTE USSURY, aka D Frog, THOMAS E. COATES, aka Tom-C, aka Eag, JOSEPH HILL, aka Little Joe, FREDDIE K. JOHNSON, aka Freeze Pop, aka Michael Jackson, DESHAWN SMITH, aka Evil D, LANCE REYNOLDS, and ANDRE M. BROWN, aka Paco,** together with others known and unknown to the grand jury, being persons employed by and associated with the enterprise known as the Short North Posse, described in paragraphs 1 through 21 of this indictment, which enterprise engaged in, and the activities of which affected,

9

interstate and foreign commerce, unlawfully, knowingly and intentionally, conspired to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), involving multiple acts indictable under:

A.   Title 18 U.S.C. § 1951 (robbery and extortion);

B.   Title 18 U.S.C. Sections 1512(a)(1), 1512(b)(1) and 1512(k) (tampering with a witness, victim or informant);

C.   Title 18 U.S.C. Sections 1513(a)(1) and 1513(f) (retaliation against a witness, victim or informant);

D.   Murder, chargeable under Ohio Revised Code, Sections 2903.02, 2923.02, 2903.01, and 2923.03;

E.   Robbery, chargeable under Ohio Revised Code, Sections 2911.02, 2923.02, and 2923.03; and

F.   the distribution of cocaine, crack cocaine, oxycodone, heroin and marijuana, and the possession with the intent to distribute cocaine, crack cocaine and marijuana in violation of Title 21, United States Code, Section 841(a); Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2.

23.   It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

## OVERT ACTS

1.　　In furtherance of the conspiracy and in order to affect the objects thereof, the defendants and their coconspirators, known and unknown to the grand jury, committed and caused to be committed the following overt acts, among others, in the Southern District of Ohio and elsewhere:

2.　　On or about February 4, 2005, through and including February 15, 2006, in Columbus, Ohio, the defendants, **LANCE A. GREEN, aka Jigga, aka Jiggs, ALLEN L. WRIGHT, aka Al-Nuts, TYSIN L. GORDON, aka Cez, aka Sleep, FREDDIE K. JOHNSON, aka Freeze Pop, aka Michael Jackson,** and others tampered with the witness, C.K., through intimidation and bribery to prevent him from testifying about being shot by **LANCE A. GREEN, aka Jigga, aka Jiggs.**

3　　On or about March 20, 2005, in the area of 1404 North Fourth Street, Columbus, Ohio, the defendants, **CHRISTOPHER A. HARRIS, aka O-Dog, ALLEN L. WRIGHT, aka Al-Nuts,** and others attempted to rob S.D. of money, jewelry and cocaine.

4.　　On or about April 17, 2005, in the area of Woodland Avenue, Columbus, Ohio, the defendants, **LANCE A. GREEN, aka Jigga, aka Jiggs, ALLEN L. WRIGHT, aka Al-Nuts, TYSIN L. GORDON, aka Cez, aka Sleep,** attempted to murder rival gang members, R.D., and others through a drive by shooting with a firearm.

5.　　On or about April 18, 2005, in the area of 1382 North Fourth Street, Columbus, Ohio, the defendant, **ALLEN L. WRIGHT, aka Al-Nuts**, attempted to murder an unknown individual wearing red clothing by shooting at them with a firearm.

11

6. On or about May 1, 2005, in the area of 935 Morse Road, Columbus, Ohio, the defendants, **LANCE A. GREEN, aka Jigga, aka Jiggs, ALLEN L. WRIGHT, aka Al-Nuts, TYSIN L. GORDON, aka Cez, aka Sleep, and THOMAS E. COATES, aka Tom-C, aka Eag,** attempted to murder rival gang members, M.J., R.D., and M.S. by shooting at them with firearms, at which time SNP member Tyrun Hill was murdered.

7. On or about May 2, 2005, near the intersection of Fair Avenue and Latta Avenue, Columbus, Ohio, the defendant, **LANCE A. GREEN, aka Jigga, aka Jiggs,** attempted to murder rival gang member, R.D. by shooting at him with a firearm.

8. On or about May 7, 2005, in the area of 2236 Mock Road, Columbus, Ohio, the defendant, **FREDDIE K. JOHNSON, aka Freeze Pop, aka Michael Jackson,** possessed a Ruger 9mm pistol.

9. On or about May 13, 2005, near the intersection of Bethesda Avenue and Sunbury Avenue, Columbus, Ohio, the defendant, **TYSIN L. GORDON, aka Cez, aka Sleep,** possessed a Smith and Wesson 9mm pistol.

10. On or about May 16, 2005, near the intersection of Eighth Avenue and Sixth Street, Columbus, Ohio, the defendant, **ALLEN L. WRIGHT, aka Al-Nuts,** attempted to murder a perceived rival gang member, who was driving in a maroon car, by shooting at him with a firearm.

11. On or about July 12, 2005, in the area of 531 Lilley Avenue, Columbus, Ohio, the defendants, **LANCE A. GREEN, aka Jigga, aka Jiggs, ALLEN L. WRIGHT, aka Al-Nuts,** Richard Willis (deceased) and Anthony Martin (deceased) attempted to murder rival gang

12

member, R.D. by shooting at him with firearms, and in so doing, shot and killed Sanikqua Hester.

12. On or about August 25, 2005, in the area of 390 Golden Valley Avenue, Pataskala, Ohio, the defendant, **LANCE A. GREEN, aka Jigga, aka Jiggs,** and others attempted to rob H.S. and W.J.

13. On or about August 26, 2005, in the area of 2704 Balloro Way, Columbus, Ohio, the defendant, **LANCE A. GREEN, aka Jigga, aka Jiggs,** and others attempted to rob H.S. and T.S. with firearms.

14. On or about September 1, 2005, in the area of 1350 Hawthorne Avenue, Columbus, Ohio, the defendant, **ALLEN L. WRIGHT, aka Al-Nuts,** and others attempted to rob T.A. and D.H. with firearms.

15. On or about October 22, 2005, through and including May 1, 2006, the exact dates being unknown to the Grand Jury, in Columbus, Ohio, the defendant, **LANCE A. GREEN, aka Jigga, aka Jiggs,** and others tampered with the witness, J.M., through intimidation and bribery to prevent her from testifying about being assaulted and shot at by **LANCE A. GREEN.**

16. On or about November 28, 2005, near 1408 North Fourth Avenue, Columbus, Ohio, the defendant, **ALLEN L. WRIGHT, aka Al-Nuts,** and an unindicted coconspirator attempted to murder individuals who were perceived as disrespecting SNP authority in its territory, by shooting at them with a firearm, and in so doing, striking J.J.

13

17.   On or about January 11, 2006, in the area of 385 Garfield Avenue, Columbus, Ohio, the defendants, **LANCE A. GREEN, aka Jigga, aka Jiggs, and ALLEN L. WRIGHT, aka Al-Nuts** murdered rival gang member, Michael Teague by shooting him with a firearm.

18.   On or about January 23, 2006, in the area of Cleveland Avenue and Dublin-Grandville Road, Columbus, Ohio, the defendants, **ALLEN L. WRIGHT, aka Al-Nuts, ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B,** and another unindicted coconspirator attempted to murder rival gang members by shooting at them with a firearm, and in so doing, striking A.W. and B.C.

19.   On or about March 15, 2006, in the area of 1338 North Fifth Street, in Columbus, Ohio, the defendants, **THOMAS E. COATES, aka Tom-C, aka Eag, CHRISTOPHER A. HARRIS, O-Dog,** and others possessed a 9mm Ruger pistol, a .45 caliber Ruger pistol, a Smith and Wesson 45 caliber pistol, a SKS assault rifle, an Ithaca shotgun, approximately $5,000 in US currency, two digital scales, and, possessed with intent to distribute crack cocaine and marijuana.

20.   On or about April 16, 2006, in the area of 5861 Hallworth Avenue, Columbus, Ohio, the defendant, **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B,** Marcus Peters (deceased) and an unindicted coconspirator murdered Alan Johnson in retaliation for the murder of SNP member Elisha Ledbetter, by shooting him with a firearm.

21.   On or about April 19, 2006, at the C&S Lounge, in the area of 2753 East Fifth Avenue, Columbus, Ohio, the defendant, **THOMAS E. COATES, aka Tom-C, aka Eag** used a firearm to pistol whip T.G. while yelling out "Short North" and "Fourth Street."

14

22.    On or about June 14, 2006, in the area of 1924 Maryland Avenue, Columbus, Ohio, the defendant, **TYSIN L. GORDON, aka Cez, aka Sleep,** possessed a firearm, and shot himself in the leg.

23.    On or about June 17, 2006, in the area of 17 West Rich Street, Columbus, Ohio, the defendants, **THOMAS E. COATES, aka Tom-C, aka Eag, DESHAWN SMITH, aka Evil D**, and an unindicted coconspirator attempted to murder rival gang members, by shooting at them with a firearm, and in so doing, shot T.T.

24.    On or about June 22, 2006, in the area of 1462 North Fourth Street, in Columbus, Ohio, the defendant, **THOMAS E. COATES, aka Tom-C, aka Eag,** sold approximately 51 grams of crack cocaine to a confidential informant for $1,100.

25.    On or about July 3, 2006, in the area of 4893 Brittany Court West, Columbus, Ohio, the defendant, **DESHAWN SMITH, aka Evil D,** possessed a SIG 9mm pistol.

26.    On or about July 25, 2006, in the area of 1912 Maryland Avenue, in Columbus, Ohio, the defendant, **THOMAS E. COATES, aka Tom-C, aka Eag,** sold approximately one ounce of marijuana to a confidential informant for $85.

27.    On or about August 1, 2006, in the area of 889 Atchison Street, Columbus, Ohio, the defendant, **THOMAS E. COATES, aka Tom-C, aka Eag,** and **ANDRE M. BROWN, aka Paco,** robbed rival drug dealers T.G, A.W., and R.W. of drugs, with a firearm.

28.    On or about August 15, 2006, in the area of 1439 North Sixth Street, Columbus, Ohio, the defendant, **DEOUNTE USSURY, aka D Frog,** and an unindicted coconspirator

15

possessed crack cocaine, two S&W .357 revolvers, a Springfield Armory 1911 .45 pistol, two ballistic vests, and digital scales.

29.     On or about August 25, 2006, near the intersection of Indianola Avenue and Dominion Boulevard, Columbus, Ohio, the defendant, **ANDRE M. BROWN, aka Paco,** possessed a Glock 9mm pistol.

30.     On or about November 15, 2006, at Dockside Dolls, in the area of 2210 East Dublin-Grandville Road, Columbus, Ohio, the defendants, **THOMAS E. COATES, aka Tom-C, aka Eag, FREDDIE K. JOHNSON, aka Freeze Pop, aka Michael Jackson,** and an unindicted coconspirator robbed rival gang member, T.S., of jewelry.

31.     On or about November 20, 2006, in the area of Joyce Park, Columbus, Ohio, the defendants, **RASHAD A. LISTON, aka Buck, aka Buckwheat, DEOUNTE USSURY, aka D Frog, FREDDIE K. JOHNSON, aka Freeze Pop, aka Michael Jackson,** and others attempted to murder rival gang members, by shooting at them with firearms, and in so doing, shot and wounded J.R., D.T., T.D., and T.S.

32.     On or about November 21, 2006, at Suzi-Ques Pool Hall, in the area of 1950 North 4th Street, Columbus, Ohio, the defendants, **THOMAS E. COATES, aka Tom-C, aka Eag, FREDDIE K. JOHNSON, aka Freeze Pop, aka Michael Jackson, TYSIN L. GORDON, aka Cez, aka Sleep,** and others robbed rival gang member J.B. of jewelry, cash and a leather coat, with a firearm.

33.     On or about December 12, 2006, in the area of 96 East Russell Street, Columbus, Ohio, the defendant, **LANCE A. GREEN, aka Jigga, aka Jiggs,** and an unindicted

16

coconspirator attempted to kill W.S. for robbing a SNP drug house by shooting him. **LANCE A. GREEN, aka Jigga, aka Jiggs,** and an unindicted coconspirator possessed a Smith and Wesson .40 caliber pistol, a Ruger .44 caliber revolver, a scale, and latex gloves at the time.

34.　　On or about December 31, 2006, near the intersection of Cleveland Avenue and Leonard Avenue, Columbus, Ohio, the defendant, **FREDDIE K. JOHNSON, aka Freeze Pop, aka Michael Jackson,** possessed a .38 caliber firearm while accidently shooting fellow Short North Gang member, M.W.

35.　　On or about January 2, 2007, near the intersection of Fourth Street and Eight Avenue, Columbus, Ohio, the defendant, **RASHAD A. LISTON, aka Buck, aka Buckwheat,** attempted to murder Q.W. by shooting at him with a firearm for selling drugs in the Short North Area without permission of the Short North Posse.

36.　　On or about January 11, 2007, in the area of 1460 North Sixth Street, Columbus, Ohio, the defendant, **CHRISTOPHER A. HARRIS, aka O-Dog,** possessed a 9mm pistol firearm, while shooting it into the car of D.T.

37.　　On or about January 28, 2007, near the intersection of Fairwood Avenue and Cole Street, Columbus, Ohio, the defendant, **FREDDIE K. JOHNSON, aka Freeze Pop, aka Michael Jackson,** and another robbed K.B. of a cell phone.

38.　　On or about February 2, 2007, in the area of 986 E. 12th Avenue, Columbus, Ohio, the defendants, **CHRISTOPHER A. HARRIS, aka O-Dog, and RASHAD A. LISTON, aka Buck, aka Buckwheat,** robbed and attempted to kill A.M. by shooting him with a firearm.

39. On or about June 26, 2007, in the area of 851 Oakwood Avenue, Columbus, Ohio, the defendant, **CHRISTOPHER A. HARRIS, aka O-Dog** attempted to murder rival gang members T.C. by shooting him with a firearm.

40. On or about July 28, 2007, in the area of 1504 North Fourth Avenue, Columbus, Ohio, the defendant, **CHRISTOPHER A. HARRIS, aka O-Dog** attempted to murder businessman T.J. for not allowing SNP members to loiter about his business by shooting at him with a firearm.

41. On or about August 3, 2007, near the intersection of North Fourth Street and Eleventh Avenue, Columbus, Ohio, the defendant, **RASHAD A. LISTON, aka Buck, aka Buckwheat,** and an unindicted coconspirator robbed G.G. of cash with a firearm.

42. On or about August 3, 2007, near the intersection of North Fourth Street and Eleventh Avenue, Columbus, Ohio, the defendant, **RASHAD A. LISTON, aka Buck, aka Buckwheat,** and an unindicted coconspirator robbed M.B. of cash with a firearm.

43. On or about August 3, 2007, in the area of 411 Berkeley Road, Columbus, Ohio, the defendant, **LANCE A. GREEN, aka Jigga, aka Jiggs,** sold an ATF confidential informant approximately 28 grams of a combination of MDMA and Methamphetamine for $500, while in possession of an H & K .40 caliber pistol.

44. On or about August 17, 2007, in the area of 411 Berkeley Road, Columbus, Ohio, the defendant, **LANCE A. GREEN, aka Jigga, aka Jiggs,** sold an ATF confidential informant approximately 13 grams of crack cocaine, for $350.

18

45.   On or about August 19, 2007, in the area of 161 Ashcraft Drive, Pataskala, Ohio, the defendants, **CHRISTOPHER A. HARRIS, aka O-Dog, ROBERT L. WILSON, III, aka RJ,** Rastaman A. Wilson, named in this Indictment but not in this Count, Clifford L. Robinson, aka Tink, named in this Indictment but not in this Count, and an unindicted coconspirator murdered Donathan Moon by shooting him with a firearm, while attempting to rob G.C.

46.   On or about October 6, 2007, in the area of 2627 Bridgestone Drive, Columbus, Ohio, the defendants, **CHRISTOPHER A. HARRIS, aka O-Dog, and DEOUNTE USSURY, aka D Frog,** attempted to rob and murder D.J., and in so doing, shot and killed Marcus Peters with a firearm.

47.   On or about October 20, 2007, in the area of East Fifth Avenue, Columbus, Ohio, the defendant, **CHRISTOPHER A. HARRIS, aka O-Dog,** possessed a Smith and Wesson .357 magnum revolver.

48.   On or about November 3, 2007, in the area of 100 Simsbury Court, Pickerington, Ohio, the defendants, **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B, CHRISTOPHER A. HARRIS, aka O-Dog, ROBERT L. WILSON, III, aka RJ, RASHAD A. LISTON, aka Buck, aka Buckwheat,** and an unindicted coconspirator, robbed Rodriccos Williams of money, jewelry and marijuana, and murdered Rodriccos Williams by shooting him with a firearm.

19

49.    On or about December 12, 2007, in the area of 1805 East Twenty-Sixth Avenue, Pickerington, Ohio, the defendant, **DEOUNTE USSURY, aka D Frog,** murdered Dante Hill by shooting him with a firearm, while attempting to rob him.

50.    On or about December 15, 2007, in the area of 2219 Parkwood Avenue, Columbus, Ohio, the defendant, **JOSEPH HILL, aka Little Joe,** attempted to murder drug dealer, M.P., by shooting at him with a firearm, and in so doing, shot and killed Ella Palmer.

51.    On or about December 18, 2007, near the intersection of Cole Street and Miller Avenue, in Columbus, Ohio, the defendant, **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B,** possessed a 9mm Smith and Wesson pistol, $45,000 in US currency, crack cocaine, and marijuana.

52.    On or about February 25, 2008, in the area of 1738 East Long Street, Columbus, Ohio, the defendant, **LANCE A. GREEN, aka Jigga, aka Jiggs,** sold an ATF confidential informant approximately 25 grams of crack cocaine, for $800.

53.    On or about March, 11 2008, in the area of 518 Gray Street, Zanesville, Ohio, the defendants, **JOSEPH HILL, aka Little Joe, DESHAWN SMITH, aka Evil D, LANCE REYNOLDS** and Ishmael Bowers, named in this Indictment but not in this Count, attempted to rob, and murdered Shane Allen McCuen, by shooting him with a firearm.

54.    On or about April 10, 2008, near the intersection of Westerville Road and Sandridge Avenue, in Columbus, Ohio, the defendants, **JOSEPH HILL, aka Little Joe, DESHAWN SMITH, aka Evil D, ROBERT L. WILSON, III, aka RJ, and TYSIN**

**GORDON, aka Cez, aka Sleep**, possessed an Interarms Firestar 9mm pistol and a Colt .38 caliber revolver.

55.    On or about April 25, 2008, in the area of 1738 East Long Street, Columbus, Ohio, the defendants, **ROBERT L. WILSON, III, aka RJ, RASHAD A. LISTON, aka Buck, aka Buckwheat,** Troy Patterson, named in this Indictment but not in this Count, and an unindicted coconspirator robbed and murdered Tyrell Davis by shooting at him with a firearm.

56.    On or about May 9, 2008, in the area of 954 East Whittier Street, Columbus, Ohio, the defendant, **LANCE A. GREEN, aka Jigga, aka Jiggs**, possessed an H&K .40 caliber pistol.

57.    On or about May 27, 2008, in the area of 1692 Kenmore Square Road, Columbus, Ohio, the defendants, **FREDDIE K. JOHNSON, aka Freeze Pop, aka Michael Jackson, DESHAWN SMITH, aka Evil D,** and others, gathered to rob an unknown individual while in possession of a Taurus .357 pistol and a Smith and Wesson 9mm pistol.

58.    On or about July 19, 2008, in the area of 6060 BRK Bay Court, Canal Winchester, Ohio, the defendants, **CHRISTOPHER A. HARRIS, aka O-Dog, ANDRE M. BROWN, aka Paco,** Taron Colvin (deceased), and Troy A. Patterson, named in this Indictment but not in this Count, robbed and attempted to murder M.R. and M.M by shooting at them with a firearm.

59.    On or about September 8, 2008, in the area of 290 East Eight Avenue, Columbus, Ohio, the defendants, **ROBERT L. WILSON, III, aka RJ, and RASHAD A. LISTON, aka Buck, aka Buckwheat,** and others, did attempt to extort money and drugs from

21

Anthony Hackney for the privilege of selling drugs in Short North Area. When Anthony Hackney refused to be extorted **ROBERT L. WILSON, III, aka RJ, and RASHAD A. LISTON, aka Buck, aka Buckwheat** murdered Anthony Hackney by shooting him with a firearm.

60.     On or about September 16, 2008,  **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B** solicited SNP associate E.W. to kill  **ANDRE M. BROWN, aka Paco,** Taron Colvin (deceased), and Chad Ayers (deceased).

61.     On or about September 18, 2008, in the area of 2824 E. 9th Avenue, Columbus, Ohio, the defendant, **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B,** solicited **ANDRE M. BROWN, aka Paco,** to assist in preventing E.W. from providing information about the criminal activity of **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B,** and other Short North Posse members.  **ANDRE M. BROWN, aka Paco,** agreed and attempted to murder E. W., by shooting at him with a firearm.

62.     On or about September 29, 2008, in the area of 1447 Archmere Square, Columbus, Ohio, the defendant, **FREDDIE K. JOHNSON, aka Freeze Pop, aka Michael Jackson,** possessed a Glock 9mm pistol.

63.     On or about December 22, 2008, in the area of 142 Race Street, Chillicothe, Ohio, the defendant, **JOSEPH HILL, aka Little Joe,** attempted to rob C.P. of drugs and money and attempted to murder C.P., by shooting at him with a firearm.

64. On or about December 22, 2008, in the area of US 23, Columbus, Ohio, the defendant, **TYSIN L. GORDON, aka Cez, aka Sleep,** possessed oxycodone and attempted to hide and eventually swallowed contraband in order to prevent its recovery by law enforcement.

65. On or about February 1, 2009, near the intersection of East Dublin-Grandville Road and Karl Road, Columbus, Ohio, the defendant, **TYSIN L. GORDON, aka Cez, aka Sleep,** and an unindicted coconspirator possessed a Colt .380 caliber pistol and a Rossi .38 revolver.

66. On or about October, 17 2009, in the area of 3897 Alum Creek Drive, Columbus, Ohio, the defendants, **LANCE REYNOLDS,** and, Johnathan Holt, aka Dough Boy, named in this Indictment but not in this Count, attempted to rob the Family Dollar with firearms.

67. On or about November 6, 2009 ,in the area of 4624 Ellery Drive, Columbus, Ohio, the defendants, **ANDRE M. BROWN, aka Paco, LANCE REYNOLDS**, Ishmael Bowers, named in this Indictment but not in this Count, Johnathan Holt, aka Dough Boy, named in this Indictment but not in this Count and Christopher V. Wharton named in this Indictment but not in this Count, attempted to rob A.M. of cocaine and cash and attempted to kill R.G. by shooting him with a firearm.

68. On or about March 24, 2010, in the area of 1382 Phale Hale Drive, Columbus, Ohio, the defendants, **LANCE REYNOLDS,** Johnathan Holt, aka Dough Boy, named in this Indictment but not in this Count, Christopher V. Wharton, named in this Indictment but not in

23

this Count, and an unindicted coconspirator, attempted to rob Quincy Battle of money and marijuana, and murdered Quincy Battle by shooting him with firearms.

69.    On or about April 12, 2010, near the intersection of North 4th Street and East 8th Avenue, Columbus, Ohio, the defendants, **ANDRE M. BROWN, aka Paco, LANCE REYNOLDS,** and Ishmael Bowers, named in this Indictment but not in this Count, attempted to murder T.L., in the expectation of receiving money as a contract killing, by shooting at him with a firearm.

70.    On or about May 19, 2009, near the intersection of St. Clair Avenue and East Eleventh Avenue, Columbus, Ohio, the defendant, **DESHAWN SMITH, aka Evil D,** and an unindicted coconspirator robbed S.F. of money and jewelry with a firearm.

71.    On or about May 26, 2010, in the area of 2340 Dresden Avenue, East Liverpool, Ohio, the defendants, **TYSIN L. GORDON, aka Cez, aka Sleep,** and two unindicted coconspirators possessed digital scales, baggies with cocaine residue and $1129 in cash.

72.    On or about June 24, 2010, in the area of 508 Mill Street, Chillicothe, Ohio, the defendant, **JOSEPH HILL, aka Little Joe,** sold approximately .3 grams of crack cocaine to a confidential informant for $50.

73.    On or about July 22, 2010, near the intersection of Cleveland Avenue and East 19th Avenue, Columbus, Ohio, the defendant, **DEOUNTE USSURY, aka D Frog,** and an unindicted coconspirator possessed approximately 5 grams of crack, 50 grams of cocaine, and a Smith and Wesson .40 caliber pistol.

24

74.   On or about July 28, 2010, in the area of 508 Mill Street, Chillicothe, Ohio, the defendant, **JOSEPH HILL, aka Little Joe,** sold approximately .3 grams of crack cocaine to a confidential informant for $70.

75.   On or about July 29, 2010, in the area of 508 Mill Street, Chillicothe, Ohio, the defendant, **JOSEPH HILL, aka Little Joe,** sold approximately .2 grams of crack cocaine to a confidential informant for $50.

76.   On or about January 20, 2011, in the area of 1435 Oakland Park Avenue, Columbus, Ohio, the defendants, **ANDRE M. BROWN, aka Paco, LANCE REYNOLDS,** and Ishmael Bowers, named in this Indictment but not in this Count, broke into the Tight Cuts Barber Shop and stole approximately $22,000 in cash and approximately three pounds of marijuana.

77.   On or about January 22, 2011, near the intersection of Goodale Street and North High Street, Columbus, Ohio, the defendant, **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B,** possessed a Smith & Wesson .9mm pistol.

78.   On or about May 23, 2011, in the area of the Meijer store located at 2811 London-Groveport Road, Grove City, Ohio, the defendant, **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B,** and others attempted to possess with intent to distribute approximately 961 kilograms of marijuana.

79.   On or about August 11, 2011, in the area of 1420 East 5th Avenue, Columbus, Ohio, the defendants, **ANDRE M. BROWN, aka Paco, LANCE REYNOLDS**, Ishmael Bowers, named in this Indictment but not in this Count, and Christopher V. Wharton named in

25

this Indictment but not in this Count, attempted to rob M.E. of marijuana and cash and attempted to kill M.E. by shooting him with a firearm.

80.     On or about August 11, 2011, in the area of 2950 Groveport Road, Columbus, Ohio, the defendants, **ANDRE M. BROWN, aka Paco, LANCE REYNOLDS**, Ishmael Bowers, named in this Indictment but not in this Count, and others broke into the Shop N' Save and stole cash registers and cash.

81.     On or about September 5, 2011, in the area of 4259 Arbury Lane, Columbus, Ohio, the defendants, **ANDRE M. BROWN, aka Paco, LANCE REYNOLDS**, Ishmael Bowers, named in this Indictment but not in this Count, broke into the Premier Lounge and stole approximately $2,000 in cash and approximately two pounds of marijuana.

82.     On or about September 8, 2011, near the intersection of East Main Street and Lilly Avenue, Columbus, Ohio, the defendant, **LANCE REYNOLDS**, and others, attempted to kill R.W. in retaliation for assaulting a member of the enterprise by shooting him with a firearm.

83.     On or about September 10, 2011, near the intersection of East Main Street and Lilly Avenue, Columbus, Ohio, the defendant, **LANCE REYNOLDS**, and others, attempted to kill R.W. in retaliation for assaulting a member of the enterprise by shooting him with a firearm.

84.     On or about October 19, 2011, in the area of 614 Belvidere Avenue, Columbus, Ohio, an unknown coconspirator shot and killed Crystal Fyffe, after being solicited to do so by the defendant, **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B,** in order to

26

prevent Crystal Fyffe from providing information to law enforcement about the criminal activity of **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B,** and other members of the Short North Posse.

85. On or about October 29, 2011, in the area of 8512 Brichview Drive, Reynoldsburg, Ohio, the defendants, **ANDRE M. BROWN, aka Paco, LANCE REYNOLDS,** Ishmael Bowers, named in this Indictment but not in this Count, and Christopher V. Wharton named in this Indictment but not in this Count, and another robbed A.H. of approximately eight pounds of marijuana and attempted to kill A.H. by shooting him with a firearm.

86. On or about November 14, 2011, in the area of 5769 Cleveland Avenue, Columbus, Ohio, the defendants, **ANDRE M. BROWN, aka Paco, LANCE REYNOLDS,** and Ishmael Bowers, named in this Indictment but not in this Count, attempted to break into the Tobacco Outlet and steal cash and merchandise.

87. On or about December 2, 2011, in the area of 1020 East Broad Street, Columbus, Ohio, the defendant, **FREDDIE K. JOHNSON, aka Freeze Pop, aka Michael Jackson,** possessed a .9mm Beretta pistol, while attempting to kill D.J.

88. On or about December 8, 2011, in the area of 1950 East 17th Avenue, Columbus, Ohio, the defendants, **ANDRE M. BROWN, aka Paco, LANCE REYNOLDS,** and Ishmael Bowers, named in this Indictment but not in this Count, and others broke into the BP store and stole an ATM, cash and merchandise.

27

89.    On or about January 10, 2012, near the intersection of North Fourth Street and East Fifth Avenue, Columbus, Ohio, the defendant, **FREDDIE K. JOHNSON, aka Freeze Pop, aka Michael Jackson,** possessed a Smith and Wesson 9mm pistol.

90.    On or about March 17, 2012, in the area of 4375 Trindel Way, Columbus, Ohio, the defendants, **LANCE REYNOLDS**, Ishmael Bowers, named in this Indictment but not in this Count, Christopher V. Wharton, named in this Indictment but not in this Count, Johnathan Holt, aka Dough Boy, named in this Indictment but not in this Count, and others, robbed E.B., A.W. and A.W. of cash, approximately ten pounds of marijuana, and oxycodone with firearms.

91.    On or about March 22, 2012, in the area of 1928 East Main Street, Columbus, Ohio, the defendants, **ANDRE M. BROWN, aka Paco, LANCE REYNOLDS**, and Ishmael Bowers, named in this Indictment but not in this Count, broke into Wheels Unlimited and stole approximately $5,000 in cash.

92.    On or about June 4, 2012, in the area of 3541 Refugee Road, Columbus, Ohio, the defendants, **LANCE REYNOLDS** and Ishmael Bowers, named in this Indictment but not in this Count, stole tire rims off of various vehicles.

93.    On or about August 1, 2012, in the area of 2600 South Hamilton Road, in Columbus, Ohio, the defendant, **FREDDIE K. JOHNSON, aka Freeze Pop, aka Michael Jackson,** possessed an American Arms .22 caliber pistol.

94.    On or about August 22, 2012, in the area of 556 Fairwood Avenue, in Columbus, Ohio, the defendant, **FREDDIE K. JOHNSON, aka Freeze Pop, aka Michael Jackson,** possessed approximately 3.5 grams of crack cocaine.

28

95. On or about September 10, 2012, near the intersection of East Livingston Avenue and Alum Creek Drive, in Columbus, Ohio, the defendant, **TYSIN GORDON, aka Cez, aka Sleep**, possessed a Beretta 9mm pistol with a thirty round magazine. **TYSIN GORDON** further told Police Officers that he just robbed someone with it.

96. On or about November 18, 2012, in the area of 6188 Ambleside Drive, Columbus, Ohio, the defendants, **ANDRE M. BROWN, aka Paco, LANCE REYNOLDS**, and Ishmael Bowers, named in this Indictment but not in this Count, and others broke into the Amble Mart and stole cash and merchandise.

97. On or about November 22, 2012, in the area of 7238 Linda Trace Boulevard, in Columbus, Ohio, the defendant, **FREDDIE K. JOHNSON, aka Freeze Pop, aka Michael Jackson,** possessed a Smith and Wesson .44 Caliber Revolver.

98. On or about April 2, 2013, in the area of 606 Southwood Avenue, Columbus, Ohio, the defendant, **JOSEPH HILL, aka Little Joe**, possessed a .32 caliber pistol and a Smith & Wesson .9 mm pistol.

99. On or about April 17, 2013, from a Bureau of Prisons telephone, the defendant, **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B,** solicited another to assist in preventing E.W. from providing information about the criminal activity of **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B,** and other Short North Posse members.

100. On or about May 27, 2013, near the intersection of East Livingston Avenue and Alum Creek Drive, Columbus, Ohio, the defendant, **FREDDIE K. JOHNSON, aka Freeze Pop,**

**aka Michael Jackson,** possessed five small bags of marijuana, approximately one gram of crack cocaine, and $1,081 in cash.

101. On or about May 31, 2013, in the area of 1623 Pennsylvania Avenue, East Liverpool, Ohio, the defendant, **TYSIN L. GORDON, aka Cez, aka Sleep,** and an unindicted coconspirator possessed crack cocaine, digital scales, and approximately $2,700 in cash.

102. On or about September 9, 2013, in Columbus, Ohio, the defendant, **FREDDIE K. JOHNSON, aka Freeze Pop, aka Michael Jackson,** and an unindicted coconspirator discussed a marijuana transaction.

103. On or about September 11, 2013, in Columbus, Ohio, the defendant, **FREDDIE K. JOHNSON, aka Freeze Pop, aka Michael Jackson,** and an unindicted coconspirator discussed a marijuana transaction.

104. On or about September 18, 2013, in Columbus, Ohio, the defendant, **FREDDIE K. JOHNSON, aka Freeze Pop, aka Michael Jackson,** and an unindicted coconspirator discussed a marijuana transaction.

105. On or about September 20, 2013, in Columbus, Ohio, the defendant, **FREDDIE K. JOHNSON, aka Freeze Pop, aka Michael Jackson,** and an unindicted coconspirator discussed a crack cocaine transaction.

106. On or about September 23, 2013, in Columbus, Ohio, the defendant, **FREDDIE K. JOHNSON, aka Freeze Pop, aka Michael Jackson,** and an unindicted coconspirator discussed a crack cocaine and marijuana transaction.

107. On or about September 26, 2013, in Columbus, Ohio, the defendant, **FREDDIE K. JOHNSON, aka Freeze Pop, aka Michael Jackson,** and an unindicted coconspirator discussed a marijuana transaction.

108. On or about September 30, 2013, in Columbus, Ohio, the defendant, **FREDDIE K. JOHNSON, aka Freeze Pop, aka Michael Jackson,** and an unindicted coconspirator discussed a marijuana transaction.

109. On or about April 9, 2014, near the intersection of Southwood Avenue and South 17th Street, Columbus, Ohio, the defendant, **JOSEPH HILL, aka Little Joe**, possessed approximately 2 grams of crack cocaine and oxycodone.

110. On or about April 10, 2014, in the area of 1710 Ferris Road, Columbus, Ohio, the defendants, **LANCE REYNOLDS**, Ishmael Bowers, named in this Indictment but not in this Count, and others broke into 1710 Ferris Road, Columbus, Ohio and stole approximately $1,000 in cash and a Ruger .44 cal. pistol.

111. On or about May 20, 2014, near the intersection of Hamilton Road and 270, Columbus, Ohio, the defendant, **DESHAWN SMITH, aka Evil D**, possessed approximately 21 grams of heroin, $735 in cash, and a Glock .40 caliber pistol and fled from police.

112. On or about ~~April~~ July 15, 2014, in the area of the Delaware County Jail, Delaware, Ohio, the defendant, **LANCE REYNOLDS** attempted to tamper with witness known to the Grand Jury by soliciting him to lie to law enforcement and to provide false testimony surrounding the murder of Shane Allen McCuen.

31

## NOTICE OF SPECIAL
## SENTENCING ALLEGATIONS AS TO COUNT ONE

1.     The allegations contained in Count One of this Indictment are hereby re-alleged and incorporated by reference.

2.     On or about July 12, 2005, in Columbus, Ohio, in the Southern District of Ohio, **LANCE A. GREEN, aka Jigga, aka Jiggs, ALLEN L. WRIGHT, aka Al-Nuts,** and others known and unknown to the grand jury, committed an act involving murder, in violation of Ohio Revised Code, Section 2903.02, in that they committed and caused to be committed, and aided and abetted in the commission of, a murder, that is, **LANCE A. GREEN, aka Jigga, aka Jiggs, and ALLEN L. WRIGHT, aka Al-Nuts,** did purposely cause the death of Shaniqua Hester.

3.     On or about January 11, 2006, in Columbus, Ohio, in the Southern District of Ohio, **LANCE A. GREEN, aka Jigga, aka Jiggs, ALLEN L. WRIGHT, aka Al-Nuts,** and others both known and unknown to the grand jury, committed an act involving murder, in violation of Ohio Revised Code, Section 2903.02, in that they committed and caused to be committed, and aided and abetted in the commission of, a murder, that is, **LANCE A. GREEN, aka Jigga, aka Jiggs, and ALLEN L. WRIGHT, aka Al-Nuts,** did purposely cause the death of Michael Teague.

4.     On or about April 16, 2006, in Columbus, Ohio, in the Southern District of Ohio, **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B,** and others known and unknown to the grand jury, committed an act involving murder, in violation of Ohio Revised Code, Section 2903.02, in that they committed and caused to be committed, and aided

and abetted in the commission of, a murder, that is, **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B,** did purposely cause the death of Alan Johnson.

5.  On or about August 19, 2007, in Pataskala, Ohio, in the Southern District of Ohio, **CHRISTOPHER A. HARRIS, aka O-Dog, ROBERT L. WILSON, III, aka RJ,** and others known and unknown to the grand jury, committed an act involving murder, in violation of Ohio Revised Code, Section 2903.02, in that they committed and caused to be committed, and aided and abetted in the commission of, a murder, that is, **CHRISTOPHER A. HARRIS, aka O-Dog, and ROBERT L. WILSON, III, aka RJ,** caused the death of Donathan Moon, as a proximate result of committing or attempting to commit robbery and/or burglary.

6.  On or about October 6, 2007, in Columbus, Ohio, in the Southern District of Ohio, **CHRISTOPHER A. HARRIS, aka O-Dog, and DEONTE USSURY, aka D Frog,** committed an act involving murder, in violation of Ohio Revised Code, Section 2903.02, in that they committed and caused to be committed, and aided and abetted in the commission of, a murder, that is, **CHRISTOPHER A. HARRIS, aka O-Dog, and DEONTE USSURY, aka D Frog,** caused the death of Marcus Peters, as a proximate result of committing or attempting to commit robbery and/or burglary.

7.  On or about November 3, 2007, in Pickerington, Ohio, in the Southern District of Ohio, **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B, CHRISTOPHER A. HARRIS, aka O-Dog, ROBERT L. WILSON, III, aka RJ, and RASHAD A. LISTON, aka Buck, aka Buckwheat,** and others known and unknown to the grand jury, committed an act involving murder, in violation of Ohio Revised Code, Section 2903.02, in that they committed

33

and caused to be committed, and aided and abetted in the commission of, a murder, that is, **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B, CHRISTOPHER A. HARRIS, aka O-Dog, ROBERT L. WILSON, III, aka RJ, and RASHAD A. LISTON, aka Buck, aka Buckwheat,** caused the death of Rodriccos Williams as a proximate result of committing or attempting to commit robbery and/or burglary.

8.    On or about December 12, 2007, in Columbus, Ohio, in the Southern District of Ohio, **DEONTE USSURY, aka D Frog,** committed an act involving murder, in violation of Ohio Revised Code, Section 2903.02, in that they committed and caused to be committed, and aided and abetted in the commission of, a murder, that is, **DEONTE USSURY, aka D Frog,** caused the death of Dante Hill as a proximate result of committing or attempting to commit robbery.

9.    On or about December 15, 2007, in Columbus, Ohio, in the Southern District of Ohio, **JOSEPH HILL, aka Little Joe,** committed an act involving murder, in violation of Ohio Revised Code, Section 2903.02, in that he committed and caused to be committed, and aided and abetted in the commission of, a murder, that is, **JOSEPH HILL, aka Little Joe,** did purposely cause the death of Ella Palmer.

10.    On or about March 11, 2008, in Zanesville, Ohio, in the Southern District of Ohio, **JOSEPH HILL, aka Little Joe, LANCE REYNOLDS and DESHAWN SMITH, aka Evil D,** committed an act involving murder, in violation of Ohio Revised Code, Section 2903.02, in that they committed and caused to be committed, and aided and abetted in the commission of, a murder, that is, **JOSEPH HILL, aka Little Joe, LANCE REYNOLDS and**

34

**DESHAWN SMITH, aka Evil D,** caused the death of Shane Allen McCuen as a proximate result of committing or attempting to commit robbery and/or burglary.

11.    On or about April 25, 2008 in Columbus, Ohio, in the Southern District of Ohio, **ROBERT L. WILSON, III, aka RJ, and RASHAD A. LISTON, aka Buck, aka Buckwheat** committed an act involving murder, in violation of Ohio Revised Code, Section 2903.02, in that they committed and caused to be committed, and aided and abetted in the commission of, a murder, that is, **ROBERT L. WILSON, III, aka RJ, and RASHAD A. LISTON, aka Buck, aka Buckwheat,** did purposely cause the death of Tyrell Davis and/or cause the death of Tyrell Davis as a proximate result of committing or attempting to commit robbery and/or burglary.

12.    On or about March 24, 2010, in Columbus, Ohio, in the Southern District of Ohio, **LANCE REYNOLDS,** committed an act involving murder, in violation of Ohio Revised Code, Section 2903.02, in that he committed and caused to be committed, and aided and abetted in the commission of, a murder, that is, **LANCE REYNOLDS,** caused the death of Quincy Battle as a proximate result of committing or attempting to commit robbery and/or burglary.

13.    On or about October 19, 2011, in Columbus, Ohio, in the Southern District of Ohio, **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B,** committed an act involving murder, in violation of Ohio Revised Code, Section 2903.02, in that he committed and caused to be committed, and aided and abetted in the commission of, a murder, that is,

35

**ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B,** did purposely cause the death of Crystal Fyffe.

**COUNT TWO**
**MURDER IN AID OF RACKETEERING**
**18 U.S.C. § 1959(a)(1); 18 U.S.C. § 2**

1.      As described in paragraphs 3 through 21 of Count One of this Indictment, which are hereby re-alleged and incorporated by reference, **LANCE A. GREEN, aka Jigga, aka Jiggs, and ALLEN L. WRIGHT, aka Al-Nuts,** together with other persons known and unknown, were members and associates of a criminal organization, that is, an enterprise, as defined in Title 18, United States Code, Section 1959(b)(2), namely the Short North Posse, a group of individuals associated, in fact, that engaged in and the activities of which, affected interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for the common purpose of achieving the objectives of the enterprise.

2.      The above described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder, attempted murder and robbery, in violation of the laws of the State of Ohio, and the distribution and possession with the intent to distribute controlled substances, tampering with a witness, extortion, robbery and retaliation against a witness, in violation of federal law, as described in paragraph 22(A)-(F) of Count One of this Indictment.

36

3.     On July 12, 2005, in Columbus, Ohio, in the Southern District of Ohio, for the purpose of gaining entrance to and maintaining and increasing position in the Short North Posse, an enterprise engaged in racketeering activity, **LANCE A. GREEN, ALLEN L. WRIGHT**, Richard Willis (deceased) and Anthony Martin (deceased), unlawfully and knowingly murdered Sanikqua Hester, in violation of Ohio Revised Code, Sections 2903.02 and 2923.03, that is, purposely causing the death of Sanikqua Hester.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT THREE
## MURDER IN AID OF RACKETEERING
### 18 U.S.C. § 1959(a)(1); 18 U.S.C. § 2

1.     As described in paragraphs 3 through 21 of Count One of this Indictment, which are hereby re-alleged and incorporated by reference, **LANCE A. GREEN, aka Jigga, aka Jiggs, and ALLEN L. WRIGHT, aka Al-Nuts**, together with other persons known and unknown, were members and associates of a criminal organization, that is, an enterprise, as defined in Title 18, United States Code, Section 1959(b)(2), namely the Short North Posse, a group of individuals associated, in fact, that engaged in and the activities of which, affected interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for the common purpose of achieving the objectives of the enterprise.

2.     The above described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder, attempted murder and robbery, in violation of the

37

laws of the State of Ohio, and the distribution and possession with the intent to distribute controlled substances, tampering with a witness, extortion, robbery and retaliation against a witness, in violation of federal law, as described in paragraph 22(A)-(F) of Count One of this Indictment.

3. On January 11, 2006, in Columbus, Ohio, in the Southern District of Ohio, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Short North Posse, and for the purpose of gaining entrance to and maintaining and increasing position in the Short North Posse, an enterprise engaged in racketeering activity, **ALLEN L. WRIGHT, aka Al-Nuts and LANCE A. GREEN, aka Jigga, aka Jiggs,** unlawfully and knowingly murdered Michael Teague, in violation of Ohio Revised Code, Sections 2903.02 and 2923.03, that is, purposely causing the death of Michael Teague.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.


## COUNT FOUR
### MURDER IN AID OF RACKETEERING
### 18 U.S.C. § 1959(a)(1); 18 U.S.C. § 2

1. As described in paragraphs 3 through 21 of Count One of this Indictment, which are hereby re-alleged and incorporated by reference, **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B,** together with other persons known and unknown, were members and associates of a criminal organization, that is, an enterprise, as defined in Title 18, United States Code, Section 1959(b)(2), namely the Short North Posse, a group of

individuals associated, in fact, that engaged in and the activities of which, affected interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for the common purpose of achieving the objectives of the enterprise.

2.      The above described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and1961(1), namely, acts involving murder, attempted murder and robbery, in violation of the laws of the State of Ohio, and the distribution and possession with the intent to distribute controlled substances, tampering with a witness, extortion, robbery and retaliation against a witness, in violation of federal law, as described in paragraph22(A)-(F) of Count One of this Indictment.

3.      On April 16, 2006, in Columbus, Ohio, in the Southern District of Ohio, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value to an unindicted coconspirator from Short North Posse member **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B**, and for the purpose of gaining entrance to and maintaining and increasing position in the Short North Posse, an enterprise engaged in racketeering activity, **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B**, Marcus Peters (deceased) and an unindicted coconspirator, unlawfully and knowingly murdered Alan Johnson, in violation of Ohio Revised Code, Sections 2903.02 and 2923.03, that is, purposely causing the death of Alan Johnson.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

39

## COUNT FIVE
## MURDER IN AID OF RACKETEERING
### 18 U.S.C. § 1959(a)(1); 18 U.S.C. § 2

1.      As described in paragraphs 3 through 21 of Count One of this Indictment, which are hereby re-alleged and incorporated by reference, **CHRISTOPHER A. HARRIS, aka O-Dog, ROBERT L. WILSON, III, aka RJ, RASTAMAN A. WILSON, and CLIFFORD L. ROBINSON, aka Tink,** together with other persons known and unknown, were members and associates of a criminal organization, that is, an enterprise, as defined in Title 18, United States Code, Section 1959(b)(2), namely the Short North Posse, a group of individuals associated, in fact, that engaged in and the activities of which, affected interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for the common purpose of achieving the objectives of the enterprise.

2.      The above described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and1961(1), namely, acts involving murder, attempted murder and robbery, in violation of the laws of the State of Ohio, and the distribution and possession with the intent to distribute controlled substances, tampering with a witness, extortion, robbery and retaliation against a witness, in violation of federal law, as described in paragraph 22(A)-(F) of Count One of this Indictment.

3.      On August 19, 2007, in Pataskala, Ohio, in the Southern District of Ohio, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Short North Posse, and for the purpose of gaining entrance

to and maintaining and increasing position in the Short North Posse, an enterprise engaged in racketeering activity, **CHRISTOPHER A. HARRIS, aka O-Dog, ROBERT L. WILSON, III, aka RJ, RASTAMAN A. WILSON, CLIFFORD L. ROBINSON, aka Tink,** and an unindicted coconspirator, unlawfully and knowingly murdered Donathan Moon, in violation of Ohio Revised Code, Sections 2903.02 and 2923.03, that is, purposely causing the death of Donathan Moon, and/or causing the death of Donathan Moon as the proximate result of committing or attempting to commit robbery and/or burglary.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT SIX
### MURDER THROUGH THE USE OF A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE
### 18 U.S.C. § 924(j); 18 U.S.C. § 2

1.  G.C., who resided at 161 Ashcraft Drive in Pataskala, Ohio, was engaged in commercial activities in and affecting commerce, that is, an exotic dancing management business. These exotic dancers would travel from outside of the State of Ohio, to the State of Ohio to perform for customers.

2.  On or about August 19, 2007, in the Southern District of Ohio, the defendants, **CHRISTOPHER A. HARRIS, aka O-Dog, ROBERT L. WILSON, III, aka RJ, RASTAMAN A. WILSON, CLIFFORD L. ROBINSON, aka Tink,** and an unindicted coconspirator did unlawfully obstruct and affect commerce and the movement of articles in such commerce by conspiring with others to commit robbery, in that, **CHRISTOPHER A. HARRIS, aka O-Dog, ROBERT L. WILSON, III, aka RJ, RASTAMAN A. WILSON, CLIFFORD L. ROBINSON,**

41

**aka Tink**, and an unindicted coconspirator, did unlawfully conspire to take and obtain cash

belonging to G.C., by means of actual and threatened physical violence, in furtherance of such

robbery, in violation of Title 18 United States Code, Section 1951.

      3.     On or about August 19, 2007, in the Southern District of Ohio, defendants,

**CHRISTOPHER A. HARRIS, aka O-Dog, ROBERT L. WILSON, III, aka RJ, RASTAMAN**

**A. WILSON, CLIFFORD L. ROBINSON, aka Tink,** and an unindicted coconspirator did

knowingly use, carry, and brandish a firearm which was discharged, during and in relation to a

crime of violence, for which they may be prosecuted in a court of the United States, that is,

interference of commerce by robbery, in violation of Title 18 United States Code, Section

1951, and in so doing, the defendants, **CHRISTOPHER A. HARRIS, aka O-Dog, ROBERT**

**L. WILSON, III, aka RJ, RASTAMAN A. WILSON, CLIFFORD L. ROBINSON, aka Tink,**

and an unindicted coconspirator committed murder as defined in Title 18 United States Code,

Section 1111, that is the unlawful killing of Donathan Moon, with malice aforethought.

     In violation of Title 18 United States Code, Sections 924(c) and 924(j)(1) and 2.

**COUNT SEVEN**
**MURDER IN AID OF RACKETEERING**
**18 U.S.C. § 1959(a)(1); 18 U.S.C. § 2**

      1.     As described in paragraphs 3 through 21 of Count One of this Indictment, which

are hereby re-alleged and incorporated by reference, **CHRISTOPHER A. HARRIS, aka O-**

**Dog, and DEOUNTE USSURY, aka D Frog,** together with other persons known and

unknown, were members and associates of a criminal organization, that is, an enterprise, as

defined in Title 18, United States Code, Section 1959(b)(2), namely the Short North Posse, a

42

group of individuals associated, in fact, that engaged in and the activities of which, affected interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for the common purpose of achieving the objectives of the enterprise.

2.     The above described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and1961(1), namely, acts involving murder, attempted murder and robbery, in violation of the laws of the State of Ohio, and the distribution and possession with the intent to distribute controlled substances, tampering with a witness, extortion, robbery and retaliation against a witness, in violation of federal law, as described in paragraph 22(A)-(F) of Count One of this Indictment.

3.     On October 6, 2007, in Columbus, Ohio, in the Southern District of Ohio, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Short North Posse, and for the purpose of gaining entrance to and maintaining and increasing position in the Short North Posse, an enterprise engaged in racketeering activity, **CHRISTOPHER A. HARRIS, aka O-Dog, and DEOUNTE USSURY, aka D Frog**, unlawfully and knowingly murdered Marcus Peters, in violation of Ohio Revised Code, Sections 2903.02 and 2923.03 that is, purposely causing the death of Marcus Peters and/or causing the death of Marcus Peters as the proximate result of committing or attempting to commit robbery and/or burglary.

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

43

## COUNT EIGHT
## MURDER THROUGH THE USE OF A FIREARM
## DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME
## 18 U.S.C. § 924(j); 18 U.S.C. § 2

1. On or about October 6, 2007, the exact dates being unknown, in the Southern District of Ohio, the defendants, **CHRISTOPHER A. HARRIS, aka O-Dog, and DEOUNTE USSURY, aka D Frog**, and Marcus Peters did knowingly, intentionally, and unlawfully combine, conspire, confederate and agree with each other and with diverse other persons, both known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute a controlled substance in violation of Title 21, United States Code, Section 846.

2. On or about October 6, 2007, in Columbus, Ohio, in the Southern District of Ohio, defendants, **CHRISTOPHER A. HARRIS, aka O-Dog, and DEOUNTE USSURY, aka D Frog**, did knowingly use, carry, and brandish a firearm which was discharged, during and in relation to drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute a controlled substance in violation of Title 21, United States Code, Section 846, and in so doing, the defendants, **CHRISTOPHER A. HARRIS, aka O-Dog, and DEOUNTE USSURY, aka D Frog**, committed murder as defined in Title 18 United States Code, Section 1111, that is, the unlawful killing of Marcus Peters, with malice aforethought.

In violation of Title 18 United States Code, Sections 924(c) and 924(j)(1) and 2.

44

## COUNT NINE
## MURDER IN AID OF RACKETEERING
### 18 U.S.C. § 1959(a)(1); 18 U.S.C. § 2

1.     As described in paragraphs 3 through 21 of Count One of this Indictment, which are hereby re-alleged and incorporated by reference, **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B, CHRISTOPHER A. HARRIS, aka O-Dog, ROBERT L. WILSON, III, aka RJ, RASHAD A. LISTON, aka Buck, aka Buckwheat,** together with other persons known and unknown, were members and associates of a criminal organization, that is, an enterprise, as defined in Title 18, United States Code, Section 1959(b)(2), namely the Short North Posse, a group of individuals associated, in fact, that engaged in and the activities of which, affected interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for the common purpose of achieving the objectives of the enterprise.

2.     The above described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and1961(1), namely, acts involving murder, attempted murder and robbery, in violation of the laws of the State of Ohio, and the distribution and possession with the intent to distribute controlled substances, tampering with a witness, extortion, robbery and retaliation against a witness, in violation of federal law, as described in paragraph 22(A)-(F) of Count One of this Indictment.

3.     On November 3, 2007, in Pickerington, Ohio, in the Southern District of Ohio, as consideration for the receipt of, and as consideration for a promise and agreement to pay,

45

anything of pecuniary value from the Short North Posse, and for the purpose of gaining entrance to and maintaining and increasing position in the Short North Posse, an enterprise engaged in racketeering activity, **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B, CHRISTOPHER A. HARRIS, aka O-Dog, ROBERT L. WILSON, III, aka RJ, RASHAD A. LISTON, aka Buck, aka Buckwheat,** and an unindicted coconspirator unlawfully and knowingly murdered Rodriccos Williams in violation of Ohio Revised Code, Sections 2903.02 and 2923.03, that is, purposely causing the death of Rodriccos Williams and/or causing the death of Rodriccos Williams as the proximate result of committing or attempting to commit robbery and/or burglary.

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT TEN
## MURDER THROUGH THE USE OF A FIREARM
## DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME
## 18 U.S.C. § 924(j); 18 U.S.C. § 2

1. On or about November 3, 2007, the exact dates being unknown, in the Southern District of Ohio, the defendants, **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B, CHRISTOPHER A. HARRIS, aka O-Dog, ROBERT L. WILSON, III, aka RJ, RASHAD A. LISTON, aka Buck, aka Buckwheat,** and an unindicted coconspirator did knowingly, intentionally, and unlawfully combine, conspire, confederate and agree with each other and with diverse other persons, both known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute a mixture or substance containing a detectable

amount of marijuana, a Schedule I controlled substance, in violation of Title 21 United States Code, Sections 846, 841 (a)(1) and 841 (b)(1)(D).

2.     On or about November 3, 2007, in Pickerington, Ohio, in the Southern District of Ohio, defendants, **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B, CHRISTOPHER A. HARRIS, aka O-Dog, ROBERT L. WILSON, III, aka RJ, RASHAD A. LISTON, aka Buck, aka Buckwheat,** and an unindicted coconspirator did knowingly use, carry, and brandish a firearm which was discharged, during and in relation to drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute marijuana in violation of Title 21, United States Code, Section 846, and in so doing, the defendants, **ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B, CHRISTOPHER A. HARRIS, aka O-Dog, ROBERT L. WILSON, III, aka RJ, RASHAD A. LISTON, aka Buck, aka Buckwheat,** and an unindicted coconspirator committed murder, as defined in Title 18 United States Code, Section 1111, that is, the unlawful killing of Rodriccos Williams, with malice aforethought.

In violation of Title 18 United States Code, Sections 924(c) and 924(j)(1) and 2.

### COUNT ELEVEN
### MURDER IN AID OF RACKETEERING
### 18 U.S.C. § 1959(a)(1); 18 U.S.C. § 2

1.     As described in paragraphs 3 through 21 of Count One of this Indictment, which are hereby re-alleged and incorporated by reference, **DEOUNTE USSURY, aka D Frog,** together with other persons known and unknown, were members and associates of a criminal

47

organization, that is, an enterprise, as defined in Title 18, United States Code, Section 1959(b)(2), namely the Short North Posse, a group of individuals associated, in fact, that engaged in and the activities of which, affected interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for the common purpose of achieving the objectives of the enterprise.

2.      The above described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and1961(1), namely, acts involving murder, attempted murder and robbery, in violation of the laws of the State of Ohio, and the distribution and possession with the intent to distribute controlled substances, tampering with a witness, extortion, robbery and retaliation against a witness, in violation of federal law, as described in paragraph 22(A)-(F) of Count One of this Indictment.

3.      On December 12, 2007, in Columbus, Ohio, in the Southern District of Ohio, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Short North Posse, and for the purpose of gaining entrance to and maintaining and increasing position in the Short North Posse, an enterprise engaged in racketeering activity, **DEOUNTE USSURY, aka D Frog**, unlawfully and knowingly murdered Dante Hill in violation of Ohio Revised Code, Section 2903.02, that is, purposely causing the death of Dante Hill and/or causing the death of Dante Hill as the proximate result of committing or attempting to commit robbery.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

48

## COUNT TWELVE
### MURDER IN AID OF RACKETEERING
### 18 U.S.C. § 1959(a)(1); 18 U.S.C. § 2

1.      As described in paragraphs 3 through 21 of Count One of this Indictment, which are hereby re-alleged and incorporated by reference, **JOSEPH HILL, aka Little Joe**, together with other persons known and unknown, were members and associates of a criminal organization, that is, an enterprise, as defined in Title 18, United States Code, Section 1959(b)(2), namely the Short North Posse, a group of individuals associated, in fact, that engaged in and the activities of which, affected interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for the common purpose of achieving the objectives of the enterprise.

2.      The above described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and1961(1), namely, acts involving murder, attempted murder and robbery, in violation of the laws of the State of Ohio, and the distribution and possession with the intent to distribute controlled substances, tampering with a witness, extortion, robbery and retaliation against a witness, in violation of federal law, as described in paragraph 22(A)-(F) of Count One of this Indictment.

3.      On or about December 15, 2007, in Columbus, Ohio, in the Southern District of Ohio, for the purpose of gaining entrance to and maintaining and increasing position in the Short North Posse, an enterprise engaged in racketeering activity, **JOSEPH HILL, aka Little Joe,**

49

unlawfully and knowingly murdered Ella Palmer in violation of Ohio Revised Code, Sections 2903.02 and 2923.03, that is, purposely causing the death of Ella Palmer.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT THIRTEEN
## MURDER IN AID OF RACKETEERING
### 18 U.S.C. § 1959(a)(1); 18 U.S.C. § 2

1.      As described in paragraphs 3 through 21 of Count One of this Indictment, which are hereby re-alleged and incorporated by reference, **ISHMAEL BOWERS, JOSEPH HILL, aka Little Joe, DESHAWN SMITH, aka Evil D, and LANCE REYNOLDS,** together with other persons known and unknown, were members and associates of a criminal organization, that is, an enterprise, as defined in Title 18, United States Code, Section 1959(b)(2), namely the Short North Posse, a group of individuals associated, in fact, that engaged in and the activities of which, affected interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for the common purpose of achieving the objectives of the enterprise.

2.      The above described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and1961(1), namely, acts involving murder, attempted murder and robbery, in violation of the laws of the State of Ohio, and the distribution and possession with the intent to distribute controlled substances, tampering with a witness, extortion, robbery and retaliation against a witness, in violation of federal law, as described in paragraph 22(A)-(F) of Count One of this Indictment.

3.     On March 11, 2008, in Zanesville, Ohio, in the Southern District of Ohio, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Short North Posse, and for the purpose of gaining entrance to and maintaining and increasing position in the Short North Posse, an enterprise engaged in racketeering activity, **ISHMAEL BOWERS, JOSEPH HILL, aka Little Joe, DESHAWN SMITH, aka Evil D, and LANCE REYNOLDS,** unlawfully and knowingly murdered Shane Allen McCuen, in violation of Ohio Revised Code, Sections 2903.02 and 2923.03, that is, purposely causing the death of Shane Allen McCuen and/or causing the death of Shane Allen McCuen, as the proximate result of committing or attempting to commit robbery.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT FOURTEEN
### MURDER THROUGH THE USE OF A FIREARM
### DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME
### 18 U.S.C. § 924(j); 18 U.S.C. § 2

1.     From on or about March 11, 2008, the exact dates being unknown, in the Southern District of Ohio, the defendants, **ISHMAEL BOWERS, JOSEPH HILL, aka Little Joe, DESHAWN SMITH, aka Evil D, and LANCE REYNOLDS** did knowingly, intentionally, and unlawfully combine, conspire, confederate and agree with each other and with diverse other persons, both known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21 United States Code, Section 846.

2.  On or about March 11, 2008, in the Southern District of Ohio, defendants, **ISHMAEL BOWERS, JOSEPH HILL, aka Little Joe, DESHAWN SMITH, aka Evil D, and LANCE REYNOLDS**, did knowingly use, carry, and brandish a firearm which was discharged, during and in relation to drug trafficking crime, for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute marijuana in violation of Title 21, United States Code, Section 846, and in so doing, the defendants, **ISHMAEL BOWERS, JOSEPH HILL, aka Little Joe, DESHAWN SMITH, aka Evil D, and LANCE REYNOLDS**, committed murder, as defined in Title 18 United States Code, Section 1111, that is, the unlawful killing of Shane Allen McCuen, with malice aforethought.

In violation of Title 18 United States Code, Sections 924(c), 924(j)(1) and 2.

### COUNT FIFTEEN
### MURDER IN AID OF RACKETEERING
### 18 U.S.C. § 1959(a)(1); 18 U.S.C. § 2

1.  As described in paragraphs 3 through 21 of Count One of this Indictment, which are hereby re-alleged and incorporated by reference, **ROBERT L. WILSON, III, aka RJ, RASHAD A. LISTON aka Buck, aka Buckwheat, and TROY A. PATTERSON**, together with other persons known and unknown, were members and associates of a criminal organization, that is, an enterprise, as defined in Title 18, United States Code, Section 1959(b)(2), namely the Short North Posse, a group of individuals associated, in fact, that engaged in and the activities of which, affected interstate and foreign commerce. The enterprise constituted an ongoing

52

organization whose members functioned as a continuing unit for the common purpose of achieving the objectives of the enterprise.

2. The above described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and1961(1), namely, acts involving murder, attempted murder and robbery, in violation of the laws of the State of Ohio, and the distribution and possession with the intent to distribute controlled substances, tampering with a witness, extortion, robbery and retaliation against a witness, in violation of federal law, as described in paragraph 22(A)-(F) of Count One of this Indictment.

3. On April 25, 2008, in Columbus, Ohio, in the Southern District of Ohio, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Short North Posse, and for the purpose of gaining entrance to and maintaining and increasing position in the Short North Posse, an enterprise engaged in racketeering activity, **ROBERT L. WILSON, III, aka RJ, RASHAD A. LISTON aka Buck, aka Buckwheat, TROY A. PATTERSON,** and an unindicted coconspirator unlawfully and knowingly murdered Tyrell Davis, in violation of Ohio Revised Code, Sections 2903.02 and 2923.03, that is, purposely causing the death of Tyrell Davis and/or causing the death of Tyrell Davis as the proximate result of committing or attempting to commit robbery and/or burglary.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

**COUNT SIXTEEN**
**MURDER THROUGH THE USE OF A FIREARM**
**DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME**
**18 U.S.C. § 924(j); 18 U.S.C. § 2**

1.     On or about April 25, 2008, in Columbus, Ohio, the exact dates being unknown, in the Southern District of Ohio, the defendants, **ROBERT L. WILSON, III, aka RJ, RASHAD A. LISTON, aka Buck, aka Buckwheat, TROY A. PATTERSON,** and an unindicted coconspirator did knowingly, intentionally, and unlawfully combine, conspire, confederate and agree with each other and with diverse other persons, both known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21 United States Code, Sections 846, 841 (a)(1) and 841 (b)(1)(D).

2.     On or about April 25, 2008, in Columbus, Ohio, in the Southern District of Ohio, defendants, **ROBERT L. WILSON, III, aka RJ, RASHAD A. LISTON, aka Buck, aka Buckwheat, TROY A. PATTERSON**, and an unindicted coconspirator did knowingly use, carry and brandish a firearm which was discharged, during and in relation to drug trafficking crime, for which they may be prosecuted in a court of the United States, that is, conspiracy to distribute marijuana, in violation of Title 21, United States Code, Section 846, and in so doing, the defendants, **ROBERT L. WILSON, III, aka RJ, RASHAD A. LISTON, aka Buck, aka Buckwheat, TROY A. PATTERSON**, and an unindicted coconspirator committed murder, as defined in Title 18 United States Code, Section 1111, that is the unlawful killing of Tyrell Davis with malice aforethought.

In violation of Title 18 United States Code, Sections 924(c), 924(j)(1) and 2.

## COUNT SEVENTEEN
## ATTEMPTED POSSESSION WITH INTENT TO DISTRIBUTE COCAINE
### 21 U.S.C. § 846; 21 U.S.C. § 841(a)(1); 21 U.S.C. § 841(b)(1)(C)

On or about November 6, 2009, in the Southern District of Ohio, the defendants,

**ANDRE M. BROWN, aka Paco, LANCE REYNOLDS, JOHNATHAN HOLT, aka Dough**

**Boy, CHRISTOPHER V. WHARTON,** and Ishmael Bowers, named in this Indictment but not

in this Count, did knowingly, intentionally, and unlawfully attempt to possess with intent to

distribute a substance containing a detectable amount of cocaine, a Schedule II controlled

substance.

In violation of Title 21 United States Code, Sections 841(a)(1), 841(b)(1)(C) and 846.

## COUNT EIGHTEEN
## USE OF A FIREARM THE DURING AND IN
## RELATION TO A DRUG TRAFFICKING CRIME
### 18 U.S.C. § 924(c); 18 U.S.C. § 2

On or about November 6, 2009, in the Southern District of Ohio, the defendants,

**ANDRE M. BROWN, aka Paco, LANCE REYNOLDS, JOHNATHAN HOLT, aka**

**Dough Boy, CHRISTOPHER V. WHARTON,** and Ishmael Bowers, named in this Indictment

but not in this Count, did knowingly use, carry and discharge one or more firearms during and

in relation to a drug trafficking crime, that is, attempted possession with intent to distribute

cocaine, as alleged in Count 17 of the Indictment, in violation of Title 21 United States Code,

Sections 841(a)(1), and 841(b)(1)(C).

In violation of Title 18 United States Code, Sections 924(c)(1)(A)(iii) and 2.

**COUNT NINETEEN**
**MURDER IN AID OF RACKETEERING**
**18 U.S.C. § 1959(a)(1); 18 U.S.C. § 2**

1.  As described in paragraphs 3 through 21 of Count One of this Indictment, which are hereby re-alleged and incorporated by reference, **LANCE REYNOLDS, JOHNATHAN HOLT, aka Dough Boy, and CHRISTOPHER V. WHARTON,** together with other persons known and unknown, were members and associates of a criminal organization, that is, an enterprise, as defined in Title 18, United States Code, Section 1959(b)(2), namely the Short North Posse, a group of individuals associated, in fact, that engaged in and the activities of which, affected interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for the common purpose of achieving the objectives of the enterprise.

2.  The above described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and1961(1), namely, acts involving murder, attempted murder and robbery, in violation of the laws of the State of Ohio, and the distribution and possession with the intent to distribute controlled substances, tampering with a witness, extortion, robbery and retaliation against a witness, in violation of federal law, as described in paragraph 22(A)-(F) of Count One of this Indictment.

3.  On March 24, 2010, in Columbus, Ohio, in the Southern District of Ohio, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Short North Posse, and for the purpose of gaining entrance

56

to and maintaining and increasing position in the Short North Posse, an enterprise engaged in racketeering activity, **LANCE REYNOLDS, JOHNATHAN HOLT, aka Dough Boy, and CHRISTOPHER V. WHARTON,** unlawfully and knowingly murdered Quincy Battle, in violation of Ohio Revised Code, Sections 2903.02 and 2923.03, that is, purposely causing the death of Quincy Battle and/or causing the death of Quincy Battle, as the proximate result of committing or attempting to commit robbery and/or burglary.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT TWENTY
### MURDER THROUGH THE USE OF A FIREARM DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME
### 18 U.S.C. § 924(j); 18 U.S.C. § 2

1.    From on or about March 24, 2010, the exact dates being unknown, in the Southern District of Ohio, the defendants **LANCE REYNOLDS, JOHNATHAN HOLT, aka Dough Boy, and CHRISTOPHER V. WHARTON**, did knowingly, intentionally, and unlawfully combine, conspire, confederate and agree with each other and with diverse other persons, both known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21 United States Code, Section 846.

2.    On or about March 24, 2010, in the Southern District of Ohio, defendants, **LANCE REYNOLDS, JOHNATHAN HOLT aka Dough Boy, and CHRISTOPHER V. WHARTON**, did knowingly use, carry, and brandish a firearm which was discharged, during and in relation to drug trafficking crime, for which he may be prosecuted in a court of the

57

United States, that is, conspiracy to distribute and possess with intent to distribute marijuana in violation of Title 21, United States Code, Section 846, and in so doing, the defendants, **LANCE REYNOLDS, JOHNATHAN HOLT aka Dough Boy, and CHRISTOPHER V. WHARTON**, committed murder, as defined in Title 18 United States Code, Section 1111, that is, the unlawful killing of Quincy Battle, with malice aforethought.

In violation of Title 18, United States Code, Sections 924(c), 924(j)(1) and 2.

### COUNT TWENTY-ONE
### POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA
### 21 U.S.C. § 841(a)(1); 21 U.S.C. § 841(b)(1)(D)

On or about January 20, 2011, in the Southern District of Ohio, the defendants, **ANDRE M. BROWN, aka Paco, LANCE REYNOLDS**, and Ishmael Bowers, named in this Indictment but not in this Count, did knowingly, intentionally, and unlawfully possess with intent to distribute a substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

### COUNT TWENTY-TWO
### ATTEMPTED POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA
### 21 U.S.C. § 846; 21 U.S.C. § 841(a)(1); 21 U.S.C. § 841(b)(1)(D)

On or about August 11, 2011, in the Southern District of Ohio, the defendants, **ANDRE M. BROWN, aka Paco, LANCE REYNOLDS, CHRISTOPHER V. WHARTON,** and

58

Ishmael Bowers, named in this Indictment but not in this Count, did knowingly, intentionally, and unlawfully attempt to possess with intent to distribute a substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) and 846.

## COUNT TWENTY-THREE
### USE OF A FIREARM THE DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME
### 18 U.S.C. § 924(c); 18 U.S.C. § 2

On or about August 11, 2011, in the Southern District of Ohio, the defendants, **ANDRE M. BROWN, aka Paco, LANCE REYNOLDS, CHRISTOPHER V. WHARTON,** and Ishmael Bowers, named in this Indictment but not in this Count, did knowingly use, carry and discharge one or more firearms during and in relation to a drug trafficking crime, that is, attempted possession with intent to distribute marijuana, as alleged in Count 22 of the Indictment, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) and 846.

In violation of Title 18 United States Code, Sections 924(c)(1)(A)(iii) and 2.

## COUNT TWENTY-FOUR
### POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA
### 21 U.S.C. § 841(a)(1); 21 U.S.C. § 841(b)(1)(D)

On or about September 5, 2011, in the Southern District of Ohio, the defendants, **ANDRE M. BROWN, aka Paco, LANCE REYNOLDS,** and Ishmael Bowers, named in this

Indictment but not in this Count, did knowingly, intentionally, and unlawfully possess with intent to distribute a substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

### COUNT TWENTY-FIVE
### POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA
### 21 U.S.C. § 841(a)(1); 21 U.S.C. § 841(b)(1)(D)

On or about October 29, 2011, in the Southern District of Ohio, the defendants, **ANDRE M. BROWN, aka Paco, LANCE REYNOLDS, CHRISTOPHER V. WHARTON,** and Ishmael Bowers, named in this Indictment but not in this Count, did knowingly, intentionally, and unlawfully possess with intent to distribute a substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

### COUNT TWENTY-SIX
### USE OF A FIREARM ▟▟▟ DURING AND IN
### RELATION TO A DRUG TRAFFICKING CRIME
### 18 U.S.C. § 924(c); 18 U.S.C. § 2

On or about October 29, 2011, in the Southern District of Ohio, the defendants, **ANDRE M. BROWN, aka Paco, LANCE REYNOLDS, CHRISTOPHER V. WHARTON,** and Ishmael Bowers, named in this Indictment but not in this Count did knowingly use, carry and discharge one or more firearms during and in relation to a drug trafficking crime, that is, possession with intent to distribute marijuana, as alleged in Count 25

of the Indictment, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

## COUNT TWENTY-SEVEN
### POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA
### 21 U.S.C. § 841(a)(1); 21 U.S.C. § 841(b)(1)(D)

On or about March 17, 2012, in the Southern District of Ohio, the defendants, **LANCE REYNOLDS, CHRISTOPHER V. WHARTON,** and Ishmael Bowers, named in this Indictment but not in this Count, did knowingly, intentionally, and unlawfully possess with intent to distribute a substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

## COUNT TWENTY-EIGHT
### USE OF A FIREARM DURING AND IN
### RELATION TO A DRUG TRAFFICKING CRIME
### 18 U.S.C. § 924(c); 18 U.S.C. § 2

On or about March 17, 2012, in the Southern District of Ohio, the defendants, **LANCE REYNOLDS, CHRISTOPHER V. WHARTON,** and Ishmael Bowers, named in this Indictment but not in this Count, did knowingly use, carry and brandish one or more firearms during and in relation to a drug trafficking crime, that is, possession with intent to marijuana,

as alleged in Count 27 of the Indictment, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

## COUNT TWENTY-NINE
## MURDER IN AID OF RACKETEERING
## 18 U.S.C. § 1959(a)(1); 18 U.S.C. § 2

1.     As described in paragraphs 3 through 21 of Count One of this Indictment, which are hereby re-alleged and incorporated by reference, **ROBERT B. LEDBETTER aka Brandon, aka Killer B, aka B,** together with other persons known and unknown, were members and associates of a criminal organization, that is, an enterprise, as defined in Title 18, United States Code, Section 1959(b)(2), namely the Short North Posse, a group of individuals associated, in fact, that engaged in and the activities of which, affected interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for the common purpose of achieving the objectives of the enterprise.

2.     The above described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and1961(1), namely, acts involving murder, attempted murder and robbery, in violation of the laws of the State of Ohio, and the distribution and possession with the intent to distribute controlled substances, tampering with a witness, extortion, robbery and retaliation against a

witness, in violation of federal law, as described in paragraph 22(A)-(F) of Count One of this Indictment.

3.    On October 19, 2011, in Columbus Ohio, in the Southern District of Ohio, as consideration for a promise and agreement to pay, anything of pecuniary value from the Short North Posse, and for the purpose of gaining entrance to and maintaining and increasing position in the Short North Posse, an enterprise engaged in racketeering activity, **ROBERT B. LEDBETTER aka Brandon, aka Killer B, aka B**, unlawfully and knowingly murdered Crystal Fyffe, in violation of Ohio Revised Code, Sections 2903.02 and 2923.03, that is, purposely causing the death of Crystal Fyffe.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.


## COUNT THIRTY
### CONSPIRACY TO MURDER A WITNESS
### 18 U.S.C. § 1512(k)

On or about October 19, 2011, the exact dates being unknown, in the Southern District of Ohio, defendant, **ROBERT B. LEDBETTER aka Brandon, aka Killer B, aka B**, did knowingly, intentionally, and unlawfully combine, conspire, confederate and agree with diverse other persons unknown to the Grand Jury to kill Crystal Fyffe with intent to prevent Crystal Fyffe from providing a law enforcement officer with information relating to the commission of murder, in violation of Title 18 United States Code, Section 1111, and conspiracy to distribute a controlled substance, in violation of Title 21, United States Code, Section 846, both being federal offenses, and in so doing, defendant, **ROBERT B.**

**LEDBETTER,** committed murder, as defined in Title 18 United States Code, Section 1111 and 2, that is, the unlawful killing of Crystal Fyffe, with malice aforethought.

In violation of Title 18, United States Code, Sections 1512 (a)(1)(C), (a)(3)(A) & (K).

## COUNT THIRTY-ONE
### USE OF A FIREARM THE DURING AND IN RELATION TO A CRIME OF VIOLENCE
### 18 U.S.C. § 924(c); 18 U.S.C. § 2

On or about October 19, 2011, in the Southern District of Ohio, the defendant, **ROBERT B. LEDBETTER aka Brandon, aka Killer B, aka B**, did counsel, command, induce or procure another to knowingly use, carry, and discharge a firearm during and in relation to a crime of violence, that is, witness tampering, as alleged in Count Seventeen of the Indictment, in violation of Title 18 United States Code, Sections 1512.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

## COUNT THIRTY-TWO
### FELON IN POSSESSION OF A FIREARM
### 18 U.S.C § 922(g)(1); 18 U.S.C. § 924(a)(2)

On or about December 2, 2011, in the Southern District of Ohio, the defendant, **FREDDIE K. JOHNSON, aka Freeze Pop, aka Michael Jackson,** who had been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, on or about January 20, 2009, in the Court of Common Pleas of Franklin County, Ohio, case number 07CR-02-1013,

64

for the offense of Robbery, did knowingly possess, in or affecting commerce a firearm, that is a 9mm Berretta pistol.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

### COUNT THIRTY-THREE
### FELON IN POSSESSION OF A FIREARM
### 18 U.S.C § 922(g)(1); 18 U.S.C. § 924(a)(2)

On or about August 1, 2012, in the Southern District of Ohio, the defendant, **FREDDIE K. JOHNSON, aka Freeze Pop, aka Michael Jackson,** who had been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, on or about January 20, 2009, in the Court of Common Pleas of Franklin County, Ohio, case number 07CR-02-1013, for the offense of Robbery, did knowingly possess, in or affecting commerce a firearm, that is a .22 caliber American Firearms pistol.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

### COUNT THIRTY-FOUR
### FELON IN POSSESSION OF A FIREARM
### 18 U.S.C § 922(g)(1); 18 U.S.C. § 924(a)(2)

On or about April 2, 2013, in the Southern District of Ohio, the defendant, **JOSEPH HILL, aka Little Joe,** who had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, that is, on or about September 15, 2003, in the Court of Common Pleas of Franklin County, Ohio, case number 02-CR-05-2588, for aggravated

robbery, did knowingly possess firearms, in or affecting commerce, that is, a .32 caliber pistol and a Smith & Wesson .9mm pistol.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT THIRTY-FIVE
### POSSESSION WITH INTENT TO DISTRIBUTE COCAINE21 United States Code
### 21 U.S.C. § 841(a)(1); 21 U.S.C. § 841(b)(1)(C)

On or about April 9, 2014, in the Southern District of Ohio, the defendant, **JOSEPH HILL, aka Little Joe,** did knowingly, intentionally, and unlawfully possess with intent to distribute a substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THIRTY-SIX
### FELON IN POSSESSION OF A FIREARM
### 18 U.S.C § 922(g)(1); 18 U.S.C. § 924(a)(2)

On or about May 20, 2014, in the Southern District of Ohio, the defendant, **DESHAWN SMITH, aka Evil D,** who had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, that is, on or about May 19, 2010, in the Court of Common Pleas of Franklin County, Ohio, case number 09-CR-3173, for the lesser included offense of Robbery, did knowingly possess, in or affecting commerce a firearm, that is, a Glock .40 caliber pistol, serial number PKG377.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

66

## COUNT THIRTY-SEVEN
## POSSESSION WITH INTENT TO DISTRIBUTE HEROIN
### 21 U.S.C. § 841(a)(1); 21 U.S.C. § 841(b)(1)(C)

On or about May 20, 2014, in the Southern District of Ohio, the defendant, **DESHAWN SMITH, aka Evil D,** did knowingly, intentionally, and unlawfully possess with intent to distribute a substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THIRTY-EIGHT
## WITNESS TAMPERING
### 18 U.S.C. § 1512(b)(1)

On or about July 15, 2014, in the Southern District of Ohio, the defendant, **LANCE REYNOLDS**, did knowingly attempt to intimidate, threaten and corruptly persuade a person known to the Grand Jury by writing to said person with the intent to influence the testimony of said person in an official proceeding, that is a trial before the Federal District Court for the Southern District of Ohio, Eastern Division.

In violation of 18 United States Code, Section 1512(b)(1).

67

## NOTICE OF SPECIAL FINDINGS

**A.     THE GRAND JURY FURTHER FINDS AS TO COUNT TWO:**

**LANCE A. GREEN, aka Jigga, aka Jiggs:**

Pursuant to the provisions of Title 18 United States Code, Sections 3591 through 3592, the following factors exist regarding defendant, **LANCE A. GREEN**'s commission of the offense charged in Count Two, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

1.     The defendant, **LANCE A. GREEN**, was 18 years of age or more at the time of the offense (18 U.S.C. §3591(a)).

2.     The defendant, **LANCE A. GREEN**:

    a.     intentionally inflicted serious bodily injury that resulted in the death of Shaniqua Hester (18 U.S.C. §3591(a)(2)(B)); or

    b.     intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force be used in connection with a person, other than one of the participants in the offense, and Shanikqua Hester died as a direct result of the act (18 U.S.C. §3591(a)(2)(C)); or

    c.     intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Shanikqua Hester died as a direct result of the act (18 U.S.C. §3591(a)(2)(d)).

68

3. The defendant, **LANCE A. GREEN**:

    a. in the commission of the offense, or in escaping apprehension for the offense, knowingly created a grave risk of death to one or more persons in addition to Shanikqua Hester (18 U.S.C. §3592(c)(5)); or

    b. committed the offense after substantial planning and premeditation (18 U.S.C. §3592(c)(9)).

**ALLEN L. WRIGHT, aka Al-Nuts:**

Pursuant to the provisions of Title 18 United States Code, Sections 3591 through 3592, the following factors exist regarding defendant, **ALLEN L. WRIGHT**'s commission of the offense charged in Count Two, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

1. The defendant, **ALLEN L. WRIGHT**, was 18 years of age or more at the time of the offense (18 U.S.C. §3591(a)).

2. The defendant, **ALLEN L. WRIGHT**:

    a. intentionally inflicted serious bodily injury that resulted in the death of Shanikqua Hester (18 U.S.C. §3591(a)(2)(B)); or

    b. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force be used in connection with a person, other than one of the participants in the offense, and Shanikqua Hester died as a direct result of the act (18 U.S.C. §3591(a)(2)(C)); or

    c. intentionally and specifically engaged in an act of violence, knowing that

69

the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human live and Shanikqua Hester died as a direct result of the act (18 U.S.C. §3591(a)(2)(d)).

3. The defendant, **ALLEN L. WRIGHT**:

   a. in the commission of the offense, or in escaping apprehension for the offense, knowingly created a grave risk of death to one or more persons in addition to Shanikqua Hester (18 U.S.C. §3592(c)(5)); or

   b. committed the offense after substantial planning and premeditation (18 U.S.C. §3592(c)(9)).

**B. THE GRAND JURY FURTHER FINDS AS TO COUNT THREE:**

**LANCE A. GREEN, aka Jigga, aka Jiggs:**

Pursuant to the provisions of Title 18 United States Code, Sections 3591 through 3592, the following factors exist regarding defendant, **LANCE A. GREEN**'s commission of the offense charged in Count Three, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

1. The defendant, **LANCE A. GREEN**, was 18 years of age or more at the time of the offense (18 U.S.C. §3591(a)).

2. The defendant, **LANCE A. GREEN**:

   a. intentionally killed Michael Teague (18 U.S.C. §3591(a)(2)(A)); or

70

      b.      intentionally inflicted serious bodily injury that resulted in the death of Michael Teague (18 U.S.C. §3591(a)(2)(B)).

3.      The defendant, **LANCE A. GREEN**:

      a.      Procured the commission of the offense by payment or promise of payment, of anything of pecuniary value (18 U.S.C. §3592(c)(7)); or

      b.      committed the offense after substantial planning and premeditation (18 U.S.C. §3592(c)(9)).

**ALLEN L. WRIGHT, aka Al-Nuts:**

Pursuant to the provisions of Title 18 United States Code, Sections 3591 through 3592, the following factors exist regarding defendant, **ALLEN L. WRIGHT**'s commission of the offense charged in Count Three, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

1.      The defendant, **ALLEN L. WRIGHT**, was 18 years of age or more at the time of the offense (18 U.S.C. §3591(a)).

2.      The defendant, **ALLEN L. WRIGHT**:

      a.      intentionally killed Michael Teague (18 U.S.C. §3591(a)(2)(A)); or

      b.      intentionally inflicted serious bodily injury that resulted in the death of Michael Teague (18 U.S.C. §3591(a)(2)(B)).

3.      The defendant, **ALLEN L. WRIGHT**:

      a.      Committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (18 U.S.C.

§3592(c)(8)); or

b. committed the offense after substantial planning and premeditation (18 U.S.C. §3592(c)(9)).

## C. THE GRAND JURY FURTHER FINDS AS TO COUNT FOUR:

**ROBERT B. LEDBETTER, aka  Brandon, aka Killer B, aka B:**

Pursuant to the provisions of Title 18 United States Code, Sections 3591 through 3592, the following factors exist regarding defendant, **ROBERT B. LEDBETTER**'s commission of the offense charged in Count Four, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

1. The defendant, **ROBERT B. LEDBETTER**, was 18 years of age or more at the time of the offense (18 U.S.C. §3591(a)).

2. The defendant, **ROBERT B. LEDBETTER**:

   a. intentionally killed Alan Johnson (18 U.S.C. §3591(a)(2)(A)); or

   b. intentionally inflicted serious bodily injury that resulted in the death of Alan Johnson (18 U.S.C. §3591(a)(2)(B)).

3. The defendant, **ROBERT B. LEDBETTER**:

   a. has a previous conviction for a violent felony involving firearms, that is: Burglary, with a gun specification, in violation of §2911.12 of the Ohio Revised Code, on or about April 6, 1999, in the Court of Common Pleas, Franklin County, Ohio (18 U.S.C. § 3592(c)(2)); or

72

   b. in the commission of the offense, or in escaping apprehension for the offense, knowingly created a grave risk of death to one or more persons in addition to Alan Johnson (18 U.S.C. §3592(c)(5)); or

   c. Procured the commission of the offense by payment or promise of payment, of anything of pecuniary value (18 U.S.C. §3592(c)(7)).

**D.    THE GRAND JURY FURTHER FINDS AS TO COUNTS FIVE AND SIX:**

**ROBERT L. WILSON, III, aka RJ:**

Pursuant to the provisions of Title 18 United States Code, Sections 3591 through 3592, the following factors exist regarding defendant, **ROBERT L. WILSON III**'s commission of the offense charged in Counts Five and Six, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

1. The defendant, **ROBERT L. WILSON, III**, was 18 years of age or more at the time of the offense (18 U.S.C. §3591(a)).

2. The defendant, **ROBERT L. WILSON, III**:

   a. intentionally killed Donathan Moon (18 U.S.C. §3591(a)(2)(A)); or

   b. intentionally inflicted serious bodily injury that resulted in the death of Donathan Moon (18 U.S.C. §3591(a)(2)(B)); or

   c. intentionally participated in an act, contemplating that life of a person would be taken or intending that lethal force be used in connection with a person, other than one of the participants in the offense, and Donathan Moon died as a direct result of the act (18 U.S.C. §3591(a)(2)(C)); or

73

    d.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Donathan Moon died as a direct result of the act (18 U.S.C. §3591(a)(2)(D)).

3.   The defendant, **ROBERT L. WILSON, III**:

    a.   has a previous conviction for an offense which a sentence of death or life imprisonment was authorized, that is: Murder, in violation of §2903.01 of the Ohio Revised Code, on or about August 3, 2009, in the Court of Common Pleas, Franklin County, Ohio (18 U.S.C. § 3592(c)(3)); or

    b.   in the commission of the offense, or in escaping apprehension for the offense, knowingly created a grave risk of death to one or more persons in the addition to Donathan Moon (18 U.S.C. §3592(c)(5)); or

    c.   killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. §3592(c)(16)).

**CHRISTOPHER A. HARRIS, aka O-Dog:**

    Pursuant to the provisions of Title 18 United States Code, Sections 3591 through 3592, the following factors exist regarding defendant, **CHRISTOPHER A. HARRIS'** commission of the offense charged in Counts Five and Six, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

1. The defendant, **CHRISTOPHER A. HARRIS**, was 18 years of age or more at the time of the offense (18 U.S.C. §3591(a)).

2. The defendant, **CHRISTOPHER A. HARRIS**:

   a. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force be used in connection with a person, other than one of the participants in the offense, and Donathan Moon died as a direct result of the act (18 U.S.C. §3591(a)(2)(C)); or

   b. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Donathan Moon died as a direct result of the act (18 U.S.C. §3591(a)(2)(d)).

3. The defendant, **CHRISTOPHER A. HARRIS**:

   a. has a previous convictions for violent felonies involving firearms, that is: Aggravated Burglary with specification, in violation of Section 2911.11, of the Ohio Revised Code; Gross Sexual Imposition, without specification, in violation of Section 2907.06 of the Ohio Revised Code; and, Discharging a Firearm At Or Into A Habitation with specification, in violation of §2923.161, of the Ohio Revised Code, on or about March 16, 2009, in the Court of Common Pleas, Franklin County Ohio (18 U.S.C. § 3592(c)(2)); or

75

    b.  in the commission of the offense, or in escaping apprehension for the offense, knowingly created a grave risk of death to one or more persons in addition to Donathan Moon (18 U.S.C. §3592(c)(5)); or

    c.  killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. §3592(c)(16)).

**CLIFORD L. ROBINSON, aka Tink:**

Pursuant to the provisions of Title 18 United States Code, Sections 3591 through 3592, the following factors exist regarding defendant, **CLIFORD L. ROBINSON**'s commission of the offense charged in Counts Five and Six, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

1. The defendant, **CLIFORD L. ROBINSON**, was 18 years of age or more at the time of the offense (18 U.S.C. §3591(a)).

2. The defendant, **CLIFORD L. ROBINSON**:

    a.  intentionally participated in an act, contemplating that life of a person would be taken or intending that lethal force be used in connection with a person, other than one of the participants in the offense, and Donathan Moon died as a direct result of the act (18 U.S.C. §3591(a)(2)(C)); or

    b.  intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Donathan Moon died as a direct

76

result of the act (18 U.S.C. §3591(a)(2)(d)).

3. The defendant, **CLIFORD L. ROBINSON**:

    a. in the commission of the offense, or in escaping apprehension for the offense, knowingly created a grave risk of death to one or more persons in addition to Donathan Moon (18 U.S.C. §3592(c)(5)); or

    b. killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. §3592(c)(16)).

**RASTAMAN A. WILSON:**

Pursuant to the provisions of Title 18 United States Code, Sections 3591 through 3592, the following factors exist regarding defendant, **RASTAMAN A. WILSON**'s commission of the offense charged in Counts Five and Six, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

1. The defendant, **RASTAMAN A. WILSON**, was 18 years of age or more at the time of the offense (18 U.S.C. §3591(a)).

2. The defendant, **RASTAMAN A. WILSON**:

    a. intentionally participated in an act, contemplating that life of a person would be taken or intending that lethal force be used in connection with a person, other than one of the participants in the offense, and Donathan Moon died as a direct result of the act (18 U.S.C. §3591(a)(2)(C)); or

    b. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the

77

participants in the offense, such that participation in the act constituted a reckless disregard for human life and Donathan Moon died as a direct result of the act (18 U.S.C. §3591(a)(2)(d)).

3. The defendant, **RASTAMAN A. WILSON**:

   a. has a previous conviction for a violent felon involving a firearm, that is Voluntary manslaughter, with specification, in violation of Section 2903.03 of the Ohio Revised Code, on or about January 19, 1995; or

   b. in the commission of the offense, or in escaping apprehension for the offense, knowingly created a grave risk of death to one or more persons in the addition to Donathan Moon (18 U.S.C. §3592(c)(5)); or

   c. killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. §3592(c)(16)).

**E.    THE GRAND JURY FURTHER FINDS AS TO COUNTS SEVEN AND EIGHT: CHRISTOPHER A. HARRIS, aka O-Dog:**

Pursuant to the provisions of Title 18 United States Code, Sections 3591 through 3592, the following factors exist regarding defendant, **CHRISTOPHER A. HARRIS'** commission of the offense charged in Counts Seven and Eight, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

1. The defendant, **CHRISTOPHER A. HARRIS**, was 18 years of age or more at the time of the offense (18 U.S.C. §3591(a)).

2. The defendant, **CHRISTOPHER A. HARRIS**:

78

    a.  intentionally participated in an act, contemplating that life of a person would be taken or intending that lethal force be used in connection with a person, other than one of the participants in the offense, and Marcus Peters died as a direct result of the act (18 U.S.C. §3591(a)(2)(C)); or

    b.  intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Marcus Peters died as a direct result of the act (18 U.S.C. §3591(a)(2)(D)).

3. The defendant, The defendant, **CHRISTOPHER A. HARRIS:**

    a.  has a previous convictions for violent felonies involving firearms, that is: Aggravated Burglary with specification, in violation of Section 2911.11, of the Ohio Revised Code; Gross Sexual Imposition, without specification, in violation of Section 2907.06 of the Ohio Revised Code; and, Discharging a Firearm At Or Into A Habitation with specification, in violation of §2923.161, of the Ohio Revised Code, on or about March 16, 2009, in the Court of Common Pleas, Franklin County Ohio (18 U.S.C. § 3592(c)(2)); or

    b.  in the commission of the offense, or in escaping apprehension for the offense, knowingly created a grave risk of death to one or more persons in addition to Marcus Peters (18 U.S.C. §3592(c)(5)).

**DEONTE USSURY, aka D Frog:**

Pursuant to the provisions of Title 18 United States Code, Sections 3591 through 3592, the following factors exist regarding defendant, **DEONTE USSURY**'s commission of the offense charged in Counts Seven and Eight, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

1. The defendant, **DEONTE USSURY**, was 18 years of age or more at the time of the offense (18 U.S.C. §3591(a)).

2. The defendant, **DEONTE USSURY**:

   a. intentionally participated in an act, contemplating that life of a person would be taken or intending that lethal force be used in connection with a person, other than one of the participants in the offense, and Marcus Peters died as a direct result of the act (18 U.S.C. §3591(a)(2)(C)); or

   b. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Marcus Peters died as a direct result of the act (18 U.S.C. §3591(a)(2)(D)).

3. The defendant, **DEONTE USSURY**:

   a. in the commission of the offense, or in escaping apprehension for the offense, knowingly created a grave risk of death to one or more persons in the addition to Marcus Peters (18 U.S.C. §3592(c)(5)).

80

**F.     THE GRAND JURY FURTHER FINDS AS TO COUNTS NINE AND TEN:**

**CHRISTOPHER A. HARRIS, aka O-Dog:**

Pursuant to the provisions of Title 18 United States Code, Sections 3591 through 3592, the following factors exist regarding defendant, **CHRISTOPHER A. HARRIS'** commission of the offense charged in Counts Nine and Ten, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

1. The defendant, **CHRISTOPHER A. HARRIS**, was 18 years of age or more at the time of the offense (18 U.S.C. §3591(a)).

2. The defendant, **CHRISTOPHER A. HARRIS**:

   a.    intentionally killed Rodriccos Williams  (18 U.S.C. §3591(a)(2)(A)); or

   b.    intentionally inflicted serious bodily injury that resulted in the death of Rodriccos Williams  (18 U.S.C. §3591(a)(2)(B)); or

   c.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force be used in connection with a person, other than one of the participants in the offense, and Rodriccos Williams  died as a direct result of the act (18 U.S.C. §3591(a)(2)(C)); or

   d.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Rodriccos Williams died as a direct result of the act (18 U.S.C. §3591(a)(2)(D)).

81

3. The defendant, **CHRISTOPHER A. HARRIS**:

    a. has a previous convictions for violent felonies involving firearms, that is: Aggravated Burglary with specification, in violation of Section 2911.11, of the Ohio Revised Code; Gross Sexual Imposition, without specification, in violation of Section 2907.06 of the Ohio Revised Code; and, Discharging a Firearm At Or Into A Habitation with specification, in violation of §2923.161, of the Ohio Revised Code, on or about March 16, 2009, in the Court of Common Pleas, Franklin County Ohio (18 U.S.C. § 3592(c)(2)).

**ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B:**

Pursuant to the provisions of Title 18 United States Code, Sections 3591 through 3592, the following factors exist regarding defendant, **ROBERT B. LEDBETTER**'s commission of the offense charged in Counts Nine and Ten, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

1. The defendant, **ROBERT B. LEDBETTER**, was 18 years of age or more at the time of the offense (18 U.S.C. §3591(a)).

2. The defendant, **ROBERT B. LEDBETTER**:

    a. intentionally participated in an act, contemplating that life of a person would be taken or intending that lethal force be used in connection with a person, other than one of the participants in the offense, and Rodriccos Williams died as a direct result of the act (18 U.S.C. §3591(a)(2)(C)); or

    b. intentionally and specifically engaged in an act of violence, knowing that

82

the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Rodriccos Williams died as a direct result of the act (18 U.S.C. §3591(a)(2)(D)).

3. The defendant, **ROBERT B. LEDBETTER**:

    a. has a previous conviction for a violent felony involving firearms, that is: Burglary, with a gun specification, in violation of §2911.12 of the Ohio Revised Code, on or about April 6, 1999, in the Court of Common Pleas, Franklin County, Ohio (18 U.S.C. § 3592(c)(2)).

**ROBERT L. WILSON III, aka RJ:**

Pursuant to the provisions of Title 18 United States Code, Sections 3591 through 3592, the following factors exist regarding defendant, **ROBERT L. WILSON III**'s commission of the offense charged in Counts Nine and Ten, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

1. The defendant, **ROBERT L. WILSON, III**, was 18 years of age or more at the time of the offense (18 U.S.C. §3591(a)).

2. The defendant, **ROBERT L. WILSON, III**:

    a. intentionally participated in an act, contemplating that life of a person would be taken or intending that lethal force be used in connection with a person, other than one of the participants in the offense, and Rodriccos

Williams died as a direct result of the act (18 U.S.C. §3591(a)(2)(C)); or

b. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Rodriccos Williams died as a direct result of the act (18 U.S.C. §3591(a)(2)(D)).

3. The defendant, **ROBERT L. WILSON, III:**

a. has a previous conviction for an offense which a sentence of death or life imprisonment was authorized, that is: Murder, in violation of §2903.01 of the Ohio Revised Code, on or about August 3, 2009, in the Court of Common Pleas, Franklin County, Ohio (18 U.S.C. § 3592(c)(3)).

**RASHAD A. LISTON, aka Buck, aka Buckwheat:**

Pursuant to the provisions of Title 18 United States Code, Sections 3591 through 3592, the following factors exist regarding defendant, **RASHAD A. LISTON**'s commission of the offense charged in Counts Nine and Ten, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

1. The defendant, **RASHAD A. LISTON**, was 18 years of age or more at the time of the offense (18 U.S.C. §3591(a)).

2. The defendant, **RASHAD A. LISTON:**

a. intentionally participated in an act, contemplating that life of a person would be taken or intending that lethal force be used in connection with a

person, other than one of the participants in the offense, and Rodriccos Williams died as a direct result of the act (18 U.S.C. §3591(a)(2)(C)); or

b. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Rodriccos Williams died as a direct result of the act (18 U.S.C. §3591(a)(2)(D)).

3. The defendant, **RASHAD A. LISTON**:

a. has a previous conviction for a violent felony involving a firearm, that is: Involuntary Manslaughter, with a firearm specification, in violation of §2903.04 of the Ohio Revised Code, on or about September 15, 2009, in the Court of Common Pleas, Franklin County, Ohio (18 U.S.C. § 3592(c)(2)).

## G. THE GRAND JURY FURTHER FINDS AS TO COUNT ELEVEN:

**DEONTE USSURY, aka D Frog:**

Pursuant to the provisions of Title 18 United States Code, Sections 3591 through 3592, the following factors exist regarding defendant, **DEONTE USSURY**'s commission of the offense charged in Count Eleven, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

1. The defendant, **DEONTE USSURY**, was 18 years of age or more at the time of the offense (18 U.S.C. §3591(a)).

2. The defendant, **DEONTE USSURY**:

85

    a.    intentionally killed Dante Hill (18 U.S.C. §3591(a)(2)(A)); or

    b.    intentionally inflicted serious bodily injury that resulted in the death of Dante Hill (18 U.S.C. §3591(a)(2)(B)); or

    c.    intentionally participated in an act, contemplating that life of a person would be taken or intending that lethal force be used in connection with a person, other than one of the participants in the offense, and Dante Hill died as a direct result of the act (18 U.S.C. §3591(a)(2)(C)); or

    d.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Dante Hill died as a direct result of the act (18 U.S.C. §3591(a)(2)(D)).

3. The defendant, **DEONTE USSURY**:

    a.    has two or more State or Federal felony drug convictions punishable by a terms of imprisonment of more than one year, that is: Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §841(a)(1), in the United States District Court of the Southern District of Ohio (Case #2:10-CR-323); Possession of Cocaine, in violation of §2925.11 of the Ohio Revised Code, on or about August 26, 2008, in the Court of Common Pleas, Franklin County, Ohio (Case #08-CR-3099); and, Possession of Crack Cocaine, in violation of §2925.11 of the Ohio Revised Code, on or

about July 21, 2004, in the Court of Common Pleas, Scioto County, Ohio (Case #04-CR-788). (18 U.S.C. § 3592(c)(10)).

## H. THE GRAND JURY FURTHER FINDS AS TO COUNT TWELVE:

**JOSEPH HILL, aka Little Joe:**

Pursuant to the provisions of Title 18 United States Code, Sections 3591 through 3592, the following factors exist regarding defendant, **JOSEPH HILL**'s commission of the offense charged in Count Twelve, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

1. The defendant, **JOSEPH HILL**, was 18 years of age or more at the time of the offense (18 U.S.C. §3591(a)).

2. The defendant, **JOSEPH HILL**:

   a. intentionally killed Ella Palmer (18 U.S.C. §3591(a)(2)(A)); or

   b. intentionally inflicted serious bodily injury that resulted in the death of Ella Palmer (18 U.S.C. §3591(a)(2)(B)); or

   c. intentionally participated in an act, contemplating that life of a person would be taken or intending that lethal force be used in connection with a person, other than one of the participants in the offense, and Ella Palmer died as a direct result of the act (18 U.S.C. §3591(a)(2)(C)); or

   d. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a

reckless disregard for human life and Ella Palmer died as a direct result of the act (18 U.S.C. §3591(a)(2)(D)).

3. The defendant, **JOSEPH HILL:**

    a. has a previous conviction for a violent felony involving a firearm, that is: Aggravated Robbery, with a firearm specification, in violation of §2911.01 of the Ohio Revised Code, on or about July 29, 2003, in the Court of Common Pleas, Franklin County, Ohio (18 U.S.C. § 3592(c)(2)); or

    b. in the commission of the offense, or in escaping apprehension for the offense, knowingly created a grave risk of death to one or more persons in the addition to Ella Palmer (18 U.S.C. §3592(c)(5)).

## I. THE GRAND JURY FURTHER FINDS AS TO COUNTS THIRTEEN AND FOURTEEN:

**JOSEPH HILL, aka Little Joe:**

Pursuant to the provisions of Title 18 United States Code, Sections 3591 through 3592, the following factors exist regarding defendant **JOSEPH HILL**'s commission of the offense charged in Counts Twelve and thirteen , the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

1. The defendant, **JOSEPH HILL**, was 18 years of age or more at the time of the offense (18 U.S.C. §3591(a)).

2. The defendant, **JOSEPH HILL:**

    a.    intentionally participated in an act, contemplating that life of a person would be taken or intending that lethal force be used in connection with a person, other than one of the participants in the offense, and Shane Allen McCuen died as a direct result of the act (18 U.S.C. §3591(a)(2)(C)); or

    b.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Shane Allen McCuen died as a direct result of the act (18 U.S.C. §3591(a)(2)(D)).

3.  The defendant, **JOSEPH HILL**:

    a.  has a previous conviction for a violent felony involving a firearm, that is: Aggravated Robbery, with a firearm specification, in violation of §2911.01 of the Ohio Revised Code, on or about July 29, 2003, in the Court of Common Pleas, Franklin County, Ohio (18 U.S.C. § 3592(c)(2)).

**DESHAWN SMITH, aka Evil D:**

Pursuant to the provisions of Title 18 United States Code, Sections 3591 through 3592, the following factors exist regarding defendant, **DESHAWN SMITH**'s commission of the offense charged in Counts Twelve and thirteen , the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

1.  The defendant, **DESHAWN SMITH**, was 18 years of age or more at the time

of the offense (18 U.S.C. §3591(a)).

2. The defendant, **DESHAWN SMITH**:

    a.    intentionally participated in an act, contemplating that life of a person would be taken or intending that lethal force be used in connection with a person, other than one of the participants in the offense, and Shane Allen McCuen died as a direct result of the act (18 U.S.C. §3591(a)(2)(C)); or

    b.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Shane Allen McCuen died as a direct result of the act (18 U.S.C. §3591(a)(2)(D)).

3. The defendant, **DESHAWN SMITH**:

    a.    has a previous conviction for a violent felony involving firearms, that is: Robbery, in violation of §2911.02, on or about May 19, 2010 in the Court of Common Pleas, Franklin County, Ohio (18 U.S.C. § 3592(c)(2)).

**J. THE GRAND JURY FURTHER FINDS AS TO COUNTS FIFTEEN AND SIXTEEN:**

**ROBERT L. WILSON, III, aka RJ:**

Pursuant to the provisions of Title 18 United States Code, Sections 3591 through 3592, the following factors exist regarding defendant, **ROBERT L. WILSON, III**'s commission of

the offense charged in Counts Fifteen and Sixteen, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

1. The defendant, **ROBERT L. WILSON, III**, was 18 years of age or more at the time of the offense (18 U.S.C. §3591(a)).

2. The defendant, **ROBERT L. WILSON, III**:

   a. intentionally killed Tyrell Davis (18 U.S.C. §3591(a)(2)(A)); or

   b. intentionally inflicted serious bodily injury that resulted in the death of Tyrell Davis (18 U.S.C. §3591(a)(2)(B)); or

   c. intentionally participated in an act, contemplating that life of a person would be taken or intending that lethal force be used in connection with a person, other than one of the participants in the offense, and Tyrell Davis died as a direct result of the act (18 U.S.C. §3591(a)(2)(C)); or

   d. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Tyrell Davis died as a direct result of the act (18 U.S.C. §3591(a)(2)(D)).

3. The defendant, **ROBERT L. WILSON, III**:

   a. has a previous conviction for an offense which a sentence of death or life imprisonment was authorized, that is: Murder, in violation of §2903.01of the Ohio Revised Code, on or about August 3, 2009, in the

91

Court of Common Pleas, Franklin County, Ohio    (18 U.S.C. §
3592(c)(3)).

**RASHAD A. LISTON, aka Buck, aka Buckwheat:**

Pursuant to the provisions of Title 18 United States Code, Sections 3591 through 3592,
the following factors exist regarding defendant, **RASHAD A. LISTON**'s commission of the
offense charged in Counts Fourteen and Fifteen, the allegations of which are hereby realleged
as if set forth herein and incorporated by reference.

1.  The defendant, **RASHAD A. LISTON**, was 18 years of age or more at the time
    of the offense (18 U.S.C. §3591(a)).

2.  The defendant, **RASHAD A. LISTON**:

    a.  intentionally killed Tyrell Davis (18 U.S.C. §3591(a)(2)(A)); or

    b.  intentionally inflicted serious bodily injury that resulted in the death of
        Tyrell Davis  (18 U.S.C. §3591(a)(2)(B)); or

    c.  intentionally participated in an act, contemplating that life of a person
        would be taken or intending that lethal force be used in connection with a
        person, other than one of the participants in the offense, and Tyrell Davis
        died as a direct result of the act (18 U.S.C. §3591(a)(2)(C)); or

    d.  intentionally and specifically engaged in an act of violence, knowing that
        the act created a grave risk of death to a person, other than one of the
        participants in the offense, such that participation in the act constituted a
        reckless disregard for human life and Tyrell Davis died as a direct result of

92

the act (18 U.S.C. §3591(a)(2)(D)).

3. The defendant, **RASHAD A. LISTON**:

    a. has a previous conviction for a violent felony involving a firearm, that is: Involuntary Manslaughter, with a firearm specification, in violation of §2903.04 of the Ohio Revised Code, on or about September 15, 2009, in the Court of Common Pleas, Franklin County, Ohio (18 U.S.C. § 3592(c)(2)).

**K. THE GRAND JURY FURTHER FINDS AS TO COUNTS TWENTY-NINE AND THIRTY:**

**ROBERT B. LEDBETTER, aka Brandon, aka Killer B, aka B:**

Pursuant to the provisions of Title 18 United States Code, Sections 3591 through 3592, the following factors exist regarding defendant, The defendant, **ROBERT B. LEDBETTER**'s commission of the offense charged in Counts ~~Seventeen~~ Twentynine and ~~Eighteen~~ Thirty, the allegations of which are hereby realleged as if set forth herein and incorporated by reference.

1. The defendant, **ROBERT B. LEDBETTER**, was 18 years of age or more at the time of the offense (18 U.S.C. §3591(a)).

2. The defendant, **ROBERT B. LEDBETTER**:

    a. intentionally killed Crystal Fyffe (18 U.S.C. §3591(a)(2)(A)); or

    b. intentionally inflicted serious bodily injury that resulted in the death of Crystal Fyffe (18 U.S.C. §3591(a)(2)(B)).

3. The defendant, **ROBERT B. LEDBETTER**:

a. has a previous conviction for a violent felony involving firearms, that is: Burglary, with a gun specification, in violation of §2911.12 of the Ohio Revised Code, on or about April 6, 1999, in the Court of Common Pleas, Franklin County, Ohio (18 U.S.C. § 3592(c)(2)); or

b. procured the commission of the offense by payment or promise of payment, of anything of pecuniary value (18 U.S.C. §3592(c)(7)); or

c. committed the offense after substantial planning and premeditation (18 U.S.C. §3592(c)(9)).

A True Bill

s/Foreperson
GRAND JURY FOREPERSON

CARTER M. STEWART
United States Attorney

ROBERT C. BRICHLER
OCDETF Chief