```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION

UNITED STATES OF AMERICA    :

     v.                     :      Case No. CR-2-14-127(4)

TYSIN L. GORDON             :      JUDGE MARBLEY
```

### GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Gordon is currently set for sentencing on June 29, 2016, after pleading guilty to RICO conspiracy as set forth in Count 1 of the Superseding Indictment. In this sentencing memorandum, the United States will address the pending objections and arguments raised by defendant Gordon. Ultimately, based on the circumstances of this case (and with the adjustments recommended below), the undersigned suggests a sentence within the applicable guideline range of 92-115 months would be appropriate and reasonable for Gordon.

The Presentence Investigation Report (PSI) made a number of determinations that impacted Gordon's overall offense level. The most significant findings concern the application of U.S.S.G. §§ 2E1.1 (treating each underlying offense committed in furtherance of the conspiracy as a separate count of conviction), 1B1.2(d) (treating each offense that defendant conspired to commit as a separate count of conviction), and 3D1.1 – 3D1.4 (multiple count

grouping rules).  While defense counsel has objected to these findings (Objection #2), they are consistent with both the Sentencing Guidelines and applicable law finding that overt acts committed by the defendant in furtherance of the charged conspiracy may be captured as relevant conduct and warrant their own independent guideline determination.  Therefore, the findings made by the Probation Officer are legally supportable and factually accurate.

However, as noted by counsel for the defendant, the parties had agreed in the Plea Agreement that the applicable offense level for Gordon was an offense level 27 and that no specific offense characteristics would apply (Plea Agmt ¶7).  This agreement was based on the known most serious offense to which Gordon was pleading guilty:  the incident in which Lance Green, Allen Wright, and Gordon (who was not a shooter) attempted to shoot Ricky Darthard.  The government's intent in reaching this agreement was to foreclose the application of any specific offense characteristics for this incident under U.S.S.G. § 2A2.1, not to interrupt how the guidelines are calculated for racketeering conspiracy under U.S.S.G. § 2E1.1 or how multiple counts are scored under U.S.S.G. § 3D1.4.

Nonetheless, the undersigned believes that any confusion over the application of the guidelines and the corresponding offense level of 31, instead of 27 (PSI ¶ 120), is understandable in light of the language in the Plea Agreement.  Put differently, when negotiating

a resolution of this case, the parties did not anticipate a total offense level of 31.

Therefore, the United States submits that this Court should defer to the language in the Plea Agreement and grant Objection #2. If this Court grants this objection, Gordon would have an adjusted offense level of 27, with a three-level reduction for acceptance of responsibility resulting in a total offense level of 24.

Regarding Objection #1, the United States believes the Probation Office has properly and accurately calculated the applicable juvenile criminal history for the defendant pursuant to the sentencing guidelines. (PSI ¶¶ 126-129.) The PSI found that Gordon has twelve criminal history points (the maximum allowed within criminal history category V). Defendant's argument for a reduced criminal history category of IV is not supported by the facts. Gordon's criminal history is both consistent and serious. As a juvenile, he committed four felony offenses. As an adult, his criminal activity continued uninterrupted, with no fewer than 12 convictions. Based on the operation of the guidelines, eight of those convictions were assigned *no* criminal history points. Finally, the Probation Officer noted that Gordon was arrested an additional 14 times between 2000 and 2012. For all these reasons, Criminal History Category V does not "substantially over-represent[] the seriousness of the defendant's criminal history or the likelihood

that [he] will commit other crimes," U.S.S.G. § 4A1.3(b)(1), and the defendant's objection should be overruled.  However, the undersigned does acknowledge that Gordon may have a viable argument under §3553(a) that his history and characteristics are not as serious as suggested by the finding of a criminal history category of V, given that one half of the applicable points were accrued through juvenile convictions.

After the Court makes a finding as to the applicable advisory guideline range, the Court is to consider the factors listed in 18 U.S.C. §3553(a) before imposing a sentence.  Among other things, these factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Under the circumstances of this case, the undersigned believes the nature and circumstances of this offense and the history and characteristics of the defendant are the most important §3553(a) factors relevant to the sentencing of Gordon.

Counsel for Gordon has suggested that pursuant to U.S.S.G. §5K2.23, Gordon should receive an adjustment on his sentence for his State of Ohio conviction on May 26, 2010 (PSI ¶ 141).  Gordon argues that this offense was relevant conduct for the instant offense (overt act #71 was Gordon's possession of digital scales, baggies with cocaine residue and $1,129 in cash in East Liverpool, Ohio, on that same date) and that he has already served a term of imprisonment of one year for this conviction.

The undersigned cannot agree with counsel for Gordon.  A review of this conviction (PSI ¶141) establishes that Gordon was convicted of Obstructing Official Business for hindering the apprehension of another individual and providing false information to law enforcement regarding that person's whereabouts.  This is not the same relevant conduct (the drug activity) referenced by counsel for Gordon nor that which was captured by overt act #71.  Accordingly, no adjustment should be given and this objection should be overruled.

Gordon has been convicted of furthering the goals of the Short North Posse, a violent criminal enterprise, by engaging in a pattern of racketeering activity.  The defendant's participation in this enterprise spanned at least eight years.  He has admitted that during that time, he committed multiple criminal acts on behalf of the enterprise, including attempted murder, robbery, illegal possession

of firearms, and possession with the intent to distribute narcotics. This is a serious offense warranting a significant sentence. A sentence within the advisory guidelines range would balance the nature and circumstances of this crime and Gordon's history and characteristics, reflect the seriousness of the offense, provide just punishment for the defendant, afford a measure of deterrence, protect the public from future crimes, and provide the defendant with the assistance he needs to facilitate his re-entry into the community.

Under all of the circumstances of this case, the undersigned believes that a reasonable sentence consistent with the rationale of <u>United States v. Booker</u>, 543 U.S. 220 (2005), and <u>U.S. v. Cage</u>, 458 F.3d 537, 541 (6th Cir.2006), would be a term of imprisonment within the applicable sentencing guideline range.

## **Conclusion**

For all the foregoing reasons, the United States submits that the defendant should be sentenced to a term of imprisonment within the applicable sentencing guidelines range of 92-115 months.

                                              Respectfully submitted,

                                              BENJAMIN C. GLASSMAN
                                              Acting United States Attorney

                                              s/Kevin W. Kelley
                                              KEVIN W. KELLEY  (0042406)
                                              Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Government Sentencing Memorandum was served this 16th day of June 2016, via the Court's electronic filing system (ECF) on counsel for defendant, David Graeff.

                                s/ Kevin W. Kelley
                                KEVIN W. KELLEY
                                Assistant U.S. Attorney