IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                      Case No. 2:14-CR-127

vs.                                                       JUDGE MARBLEY

JOHNATHAN HOLT,

      Defendant.

## SENTENCING MEMORADUM OF DEFENDANT

Now comes Defendant, by and through counsel, and submits the foregoing Sentencing Memorandum to aid the Court in consideration of all of the sentencing factors in this case.

## BACKGROUND

On June 14, 2014 a 25 count Indictment was filed herein charging multiple defendants with multiple crimes. On October 20, 2014 a Superseding Indictment was filed adding several additional defendants and crimes including this Defendant. Defendant was charged as follows: Count 17-possession with intent to distribute cocaine; Count 18-use,carry and discharge of a firearm during a drug trafficking crime; Count 19-murder in aid of racketeering; and Count 20-use of a firearm during a drug trafficking crime which resulted in death. Defendant voluntarily surrendered and has been detained without bond since his arrest in late 2014.

On November 18, 2016 the Court dismissed Counts 17 and 18 upon request of the Government. On November 28, 2016 a jury trial began as to Counts 19 and 20. Following trial and deliberations the jury found Defendant guilty on both Counts 19 and 20.

On December 29, 2016 the Probation Officer filed herein the final Presentence Investigation Report ("PSR") and sentencing in this matter is scheduled for January 25, 2017. There are no pending objections to the PSR by either Defendant or the Government.

## PRESENTENCE INVESTIGATION REPORT AND RECOMMENDATION

The Probation Officer accurately calculated Defendant's Total Base Offense Level in Paragraph 76 under the U.S. Sentencing Guidelines ("Guidelines") as that of Level 43. Further, the Probation Officer accurately calculated Defendant's Criminal history score as that of Category IV in Paragraph 91. Defendant, who has maintained his innocence throughout this proceeding did not qualify for a downward adjustment due to acceptance of responsibility. The applicable Guideline sentencing range as set forth in Paragraph 128 for Count 19 is life and Paragraph 129 for Count 20 is any number of years or life. The Guideline further mandates that the term of imprisonment for Count 20 shall run consecutive to that of Count 19 (Paragraph 129).

The Statutory Provisions as to Count 19 as set forth in Paragraph 127 mandate that the term of imprisonment shall be death or life. While the Government initially sought the death penalty in this case that request was subsequently formally withdrawn by the Government.

The Probation Officer's recommended a sentence of life on Count 19 and life on count 20 to run consecutively. Further, that Defendant shall be ordered to pay restitution for the funeral expenses of Quincy Battle as required by Statute in paragraph 140. In addition, that Defendant does not have the financial ability to pay a fine.

The Probation Officer did not identify any factors that would warrant either a departure from the applicable Guidelines range or a sentence outside of the statutory Guideline range.

As set forth hereinafter Defendant submits that the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence of less than life via a departure from or outside of the Guideline range recommended as to Count 20..

## ANALYSIS AND RECOMMENDATION OF DEFENDANT

After *United States v. Booker*, 543 U.S. 220 (2005), district courts should engage in a three-step sentencing procedure. *See* U.S.S.G. § 1B1.1 (a) – (c) (outlining the sentencing process). First, the Court should calculate the applicable Guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007) ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."). Second, the Court should consider whether a departure from the Guidelines range is appropriate. *Rita v. United States*, 551 U.S. 338, 351 (2007). Third, the Court should consider "all of the [18 U.S.C.] § 3553 (a) factors" in deciding what sentence to impose. *Gall*, 552 U.S. at 49-50. Under 18 U.S.C. § 3553, the Court is directed to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in 18 U.S.C. § 3553 (a)(2). 18 U.S.C. § 3553(a). *Booker* requires that the sentence a district court imposes be reasonable. *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005). A sentence within the applicable Guidelines range is deemed presumptively reasonable. *Rita*, 551 U.S. at 347; *United States v. Graham-Wright*, 715 F.3d 598, 604 (6th Cir. 2013); *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006) ("We now join several sister circuits in crediting sentences properly calculated under the Guidelines with a rebuttal presumption of reasonableness.")

I.    **Guidelines Range**

The Probation Officer calculated Defendant's applicable advisory Guidelines range as follows: Count 19 as statutorily mandated to be life and Count 20 as that of a term of years or life. The term of imprisonment for Count 20 shall be consecutive to Count 19.

II.    **Possible Departure**

The Probation Officer did not identify any factor that would warrant either a departure from or a sentence outside the applicable sentencing guideline range.

III.    **Sentencing Factors in 18 U.S.C. § 3553(a)**

In addition to the Guidelines, the Court must consider seven (7) factors in determining a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the statutory purposes of sentencing; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range as set forth in the Guidelines; (5) the Guidelines Policy Statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). Defendant submits that careful consideration of these factors supports the imposition of a sentence below the advisory Guidelines range in this case.

A.    **The Nature and Circumstances of the Offense**

The PSR sets forth the relevant facts in this case. In March, 2010 Defendant Lance Reynolds, a member of the Short North Posse, along with Defendants Andre Brown and Ishmael Bowers, planned a robbery of Quincy Battle, a low level dealer operating out of his home, of what was expected to be a large marijuana stash (18 pounds). Defendant Christopher Wharton testified that on March 24, 2010 he, Reynolds, one other unindicted individual, and Defendant traveled to Mr. Battle's home with the intent to rob Battle. Wharton further testified that he and

Defendant entered the Battle residence at which time a struggle ensued between Defendant and Battle.  He further testified that during the struggle Defendant's weapon discharged and Battle was shot.  Wharton admitted that he then shot Battle with his weapon in an effort to protect Defendant.  Defendants left the scene without any marijuana and Battle subsequently died of 3 gunshot wounds.  During the trial Charles Nelson, who was not indicted, testified that in February 2010 he sold to Defendant the same .22 caliber handgun that he had purchased from Vance's Gun Shop that was later recovered (in an unrelated incident) and was connected to the shooting via ballistics testing.  Other than the testimony of co-defendants there was no physical evidence connecting the Defendant to either the Battle residence or the .22 caliber weapon.

      B.      The History and Characteristics of the Defendant

The PSR accurately provides a summary of Defendant's personal background.  He was born on April 10, 1992 and has been a lifelong resident of Columbus, Ohio.  He has not resided in the Short North area and was not alleged by the Government to be a member of the Short North Posse.  At the time of the subject offenses in Counts 19 & 20 Defendant was a juvenile (17 years old) and the Superseding Indictment was not filed herein until well after his 21st birthday.  This extended delay is the basis of Defendant's Motion To Dismiss which was denied by the Court early in the case.

Defendant has a large extended family. Defendant was raised by his Mother and Grandmother without support from his Father in a household which provided the basic needs. He has not had contact with his Father since 2009.  Defendant spent a good portion of his time in his teenage years outside the home.  Defendant was exposed to and the subject of verbal and physical abuse in his childhood between his Father and his family.

Defendant is single and has 2 children: Loveah and Janiya, both age 6. Janiya resided with Defendant at the time of his arrest and he visited regularly with Loveah. Defendant was shot in May of 2010 in the stomach and again several times in July which left him a paraplegic. He experiences significant pain and suffering as a result of immobility, hypertension, high cholesterol and reflux. The details of Defendant's physical and mental conditions, and limitations set are all forth in detail in Paragraphs 110 - 121 of the PSR, and are incorporated herein by reference. Defendant submits that these should all be strongly considered by the Court as factors and provide weight in favor of a sentence of less than life via a departure from or outside of the Guideline range of life for Count 20.

As in all sentencing proceedings, the instant case requires the Court to balance the nature of Defendant's offenses with his history and characteristics in determining an appropriate sentence. In this matter, the offense conduct when weighed against the personal factors, suggests a penalty as to Count 20 well below the recommended Guidelines of Life.

C.  The Statutory Purposes of Section 3553(a)

Defendant submits that a sentence below the Guidelines range in Count 20 will serve the statutory purpose of sentencing in this case. Such a sentence, which is below the advisory Guidelines range, would reflect the nature and seriousness of Defendant's offense conduct and is just punishment for his offense. A sentence below the Guidelines range would still provide a measure of deterrence, while not subjecting Defendant to excessive incarceration.

D.  The Kinds of Sentences Available and the Sentencing Range

**Imprisonment.** Based on the factors set forth herein there is a mandatory term of imprisonment.

**Fine.** The Probation Officer recommends that no fine be imposed in light of Defendant's financial state. Given Defendant's financial resources, he agrees with this recommendation.

**Supervised Release.** Defendant faces a statutory term of supervised release of up to 5 years.  The Guidelines period is 2 to 5 years.

**Probation.** As the PSR explains, the Guidelines do not authorize a sentence of probation for this offense.

E.     **The Sentencing Guidelines Policy Statements**

There are no Policy Statements that Defendant wishes to highlight in this case.

F.     **The Need to Avoid Unwarranted Sentencing Disparities**

A sentence below the sentencing Guidelines range is warranted in light of the facts and circumstances of this case and will avoid unwanted sentencing disparities. The facts and circumstances of other Defendants similarly situated and their sentences are appropriate.

G.     **The Need to Provide Restitution**

The Guidelines require that Defendant be ordered to reimburse the costs of funeral expenses for Quincy Battle. Again, given Defendant's financial resources, he does not have the ability to pay.

## DEFENDANT'S ADDITIONAL REQUEST

Defendant requests that the Court recommend that he be assigned to a federal "medical" facility that is suited to meet his medical needs.

## CONCLUSION

For the foregoing reasons, Defendant submits that a sentence below the Guidelines range be imposed on Count 20 that is sufficient, but not greater than necessary, to satisfy the statutory goals of sentencing.

Respectfully Submitted,

**GOLDEN & MEIZLISH, CO., LPA**

By: /s/ Keith E. Golden
KEITH E. GOLDEN (0011657)
923 E. Broad Street
Columbus, Ohio 43205
(614) 258-1983 - Phone
(614) 253-5071 – Fax
keg@golmeiz.com – Email
Attorney for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Sentencing Memorandum was electronically served this 11th day of January, 2017 via the Court's electronic filing system on the following:

David DeVillers
Kevin W. Kelly
Assistant United States Attorneys
303 Marconi Blvd., Suite 200
Columbus, OH  43215

**GOLDEN & MEIZLISH, CO., LPA**

By: /s/ Keith E. Golden
KEITH E. GOLDEN (0011657)
Attorney for Defendant