# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | | |
|---|---|---|---|
| United States of America, | : | | |
| Plaintiff, | : | Case Nos. | 2:14-cr-127 (008) |
| | | | 2:15-cr-080 (004) |
| vs. | : | | |
| Deounte Ussury, | : | Judge Algenon L. Marbley | |
| Defendant. | : | | |

## DEFENDANT DEOUNTE USSURY'S RE-SENTENCING MEMORANDUM

Defendant Deounte Ussury moves this honorable Court to impose a below guideline sentence pursuant to the *Sentencing Reform Act of 1984* and *18 U.S.C. §3553(a)* for the reasons presented in the attached *Memorandum in Support*. A Re-Sentencing Hearing has been scheduled in this matter for Friday, May 29, 2020, at 9:00 a.m.

Respectfully submitted,

OFFICE OF THE OHIO PUBLIC DEFENDER
250 E. Broad Street - Suite 1400
Columbus, Ohio 43215
(614) 466-5394 (Phone)
(614) 728-3670 (Fax)

*/s/ Kirk A. McVay*

Kirk A. McVay (0064858)
Assistant Ohio Public Defender
kirk.mcvay@ohio.opd.gov (E-mail)

*/s/ Gregory W. Meyers*

Gregory W. Meyers (0014887)
Chief Counsel
greg.meyers@opd.ohio.gov (E-mail)

COUNSEL FOR DEFENDANT

## MEMORANDUM IN SUPPORT

*18 U.S.C. §3553(a)(1)-(7)* outlines factors for the Court to consider in imposing a sentence that fulfills the purposes of sentencing under the Sentencing Reform Act of 1984. Because neither Section 3553, *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), nor Sixth Circuit precedent suggests that any one of these factors is to be given greater weight than any other factor, all of these factors are subservient to Section 3553(a)'s mandate to impose a sentence not greater than necessary to comply with the four purposes of sentencing.  A consideration of these factors demonstrates that a sentence below the guideline range is indeed warranted.

## Procedural Status of the Case

Beginning April 4, 2016 and concluding on June 9, 2016, Deounte Ussury was tried and found guilty by a jury on charges of:  Conspiracy To Participate In A Criminal Enterprise Through A Pattern Of Racketeering Activity (Count 1 of 2:14-cr-127(008); three Violent Crime in Aid of Racketeering (VCAR) murders (Counts 7, and 11 of 2:14-cr-127, and Count 1 of 2:15-cr-080); and two counts of Murder Through The Use Of A Firearm During And In Relation To A Drug Trafficking Crime (Count 8 of 2:14-cr-127, and Count 2 of 2:15-cr-080).  On March 17, 2017, this Court sentenced Mr. Ussury to a term of life imprisonment on Counts 1, 7, 11 and Joined Count 1, to be served concurrently, to life imprisonment on Count 8, to be served consecutively to any other sentence in this case, and life imprisonment on Joined Count 2, to be served consecutively to any other sentence in this case. *(Doc. #1474)*  On July 3, 2019, the United States Court of Appeals for the Sixth Circuit vacated Mr. Ussury's conviction and sentence on count eleven, for the murder of Dante Hill in aid of racketeering. *(Doc. #1612)*  The remaining convictions and sentences were affirmed. *Id.*

**The Nature and Circumstances of the Offense
and the History and Characteristics of the Defendant**

Counsel for Mr. Ussury would refer the Court to the Sentencing Memorandum filed *Under Seal* on his behalf for the original sentencing in these regards. *(Doc. #1393)* Counsel will be prepared to address these matters orally at time of Re-Sentencing as necessary.

**The Need for the Sentence Imposed To Reflect the Seriousness of the
Offense; To Promote Respect for the Law, and to Provide Just Punishment
for the Offense; To Afford Adequate Deterrence to Criminal Conduct; To
Protect the Public from Further Crimes of the Defendant; and To Provide
the Defendant with Needed Educational or Vocational Training, Medical
Care, or other Correctional Treatment in the Most Effective Manner**

The Court must consider the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, protect the public, deter Mr. Ussury and others from committing further crime, and provide Mr. Ussury with needed vocational training, education, or medical care. *See* § 3553(a)(2). Clearly the crimes for which Deounte stands convicted are of the utmost seriousness and it is expected that he will receive a stern sentence. Nevertheless, he is a young man raised with little to no positive direction. Rather, his primary influences were criminal in nature from a very young age. He would be expected to live many years from this point forward and have an influence on his children, friends, family and loved ones, and other inmates. Deounte and society would both benefit, and the stated goals of sentencing can best be achieved, by imposing a sentence that gives Deounte the opportunity to pursue educational and vocational training, with the possibility of freedom late in life.

**The Kinds of Sentences Available**

**Count 1:** 18 U.S.C. §1963(a) provides that "Whoever violates any provision of section 1962 of this chapter shall be fined under this title or imprisoned not more than 20 years (or for

life if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment), or both . . . ."

**Counts 7 and Joined Count 1:** 18 U.S.C. §1959(a)(1) provides that whoever commits Murder in the Aid of Racketeering Activity "shall be punished by death or life imprisonment, or a fine under this title, or both . . . ."

**Count 8 and Joined Count 2:** 18 U.S.C. §924(c) and (j)(1) provide that whoever commits Murder Through The Use Of A Firearm During And In Relation To A Drug Trafficking Crime shall be punished by death or by imprisonment for any term of years or for life. 18 U.S.C. §924(c)(1)(D)(ii) provides that no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person.

The sentences for Counts 1, and Joined Count 1 may run concurrently. U.S.S.G. §§5G1.3(b)(2) provides that the term of imprisonment for the instant offense run concurrently with his sentence for 2:10-cr-323, as the conduct in that case is relevant to the conduct found in the instant case.

The maximum fine that may be imposed is $250,000.00. 18 U.S.C. § 3571(b). The range for a fine under the sentencing guidelines is $25,000.00 to $250,000.00. U.S.S.G. §§5E1.2(c)(3).

A special assessment of **$500.00** is mandatory. 18 U.S.C. §3013.

A period of Supervised Release of not more than five (5) years to life is authorized by 18 U.S.C. § 3583(k).

As correctly noted in the Post-Supplemental Addendum to the Presentence Report, the total offense level would remain 43 pursuant to Chapter 5, Part A (comment n.2), even if the Court were to remove Count Group 5 for a Combined Adjusted Offense Level of 45. The

advisory sentencing guideline range, based on a total offense level of 43 and a criminal history category of VI, is life. *Chapter 5, Part A*.

### The Guidelines and Policy Statements Issued by the Sentencing Commission, Including the Advisory Guideline Range

The court need not accept or use the advisory calculation derived from the Guidelines. *United States v. Webb*, 403 F.3d 373, (6th Cir. 2005) ("We decline, however, to define rigidly at this time either the meaning of reasonableness or the procedures that a district judge must employ in sentencing post-*Booker*."). The court only need "sentence [Mr. Ussury] to a term within the statutory minimum and maximum, *see* 21 U.S.C. § 841(b)(1)(A), and, under *Booker,* the sentence on the whole must be reasonable." *United States v. Milan*, 398 F.3d 445, 454 -457 (6th Cir. 2005) (citing *Booker*); *United States v. Harris* 397 F.3d 404, 411 (6th Cir. 2005) ("*Booker* teaches that there is no Sixth Amendment violation when a sentencing judge exercises genuine discretion within a clearly defined statutory range.").

### Conclusion

In light of the statutory factors and arguments above, undersigned counsel request that Mr. Ussury be sentenced in a manner allowing for educational and vocational training and the possibility of release late in life, with all sentences to run concurrent with his sentence for 2:10-cr-223. Such a sentence would be reasonable, and sufficient, but not greater than necessary, to fulfill the purposes of sentencing under the Sentencing Reform Act.

Respectfully submitted,

OFFICE OF THE OHIO PUBLIC DEFENDER

*/s/ Kirk A. McVay*
Kirk A. McVay (0064858)
Assistant Ohio Public Defender
kirk.mcvay@ohio.opd.gov (E-mail)

*/s/ Gregory W. Meyers*

Gregory W. Meyers (0014887)
Chief Counsel
greg.meyers@opd.ohio.gov (E-mail)
250 E. Broad Street - Suite 1400
Columbus, Ohio 43215
(614) 466-5394 (Phone)
(614) 728-3670 (Fax)

COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on May 22. 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following Assistant United States Attorneys:

| David Devillers, Esq. | Kevin W. Kelley, Esq. | Brian J. Martinez, Esq. |
|---|---|---|
| dave.devillers@usdoj.gov | kevin.kelley@usdoj.gov | Brian.Martinez2@usdoj.gov |

*/s/ Kirk A. McVay*

Kirk A. McVay (0064858)